STATE v. LOUIS BAKER.

(Filed 4 May, 1938.)

**1. Larceny § 5: Criminal Law § 53c—Instruction held for error as placing burden on defendant to raise reasonable doubt of his guilt.**

> An instruction that the recent possession of stolen property raises the presumption that the possessor is guilty of larceny of the property, placing ·the burden on him to offer an explanation sufficient to raise a reasonable doubt of his guilt in the minds of the jurors, *is held* erroneous as placing the burden on defendant to raise a reasonable doubt of his guilt in the minds of the jurors if they should find he had recent possession of stolen property.

**2. Larceny § 5—Recent possession of stolen property raises presumption to be considered merely as evidential fact along with other evidence.**

> The recent possession of stolen property raises a presumption of fact, strong or weak in proportion to the length of time between the larceny of the goods and the finding of them in defendant's possession, but the presumption is to be considered by the jury merely as an evidential fact, along with other evidence in the case, and the burden remains on the State throughout to prove defendant guilty beyond a reasonable doubt.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL from *Bone, J.,* at January Term, 1938, of EDGECOMBE. New trial.

The defendant was convicted upon a bill of indictment charging him with the larceny of a cow, the property of R. A. Parker, on 28 October, 1937. From judgment of imprisonment, the defendant appealed, assigning error.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Willis for the State.*

*Battle & Winslow and Henry C. Bourne for defendant, appellant.*

SCHENCK, J.   There was evidence tending to show that the cow of R. A. Parker was stolen from his barn at Conetoe, Edgecombe County, on Thursday night, 28 October, 1937, and that the cow was found in the possession of the defendant, near Goldsboro, Wayne County, on Wednesday, 3 November, 1937.   The defendant testified that he bought the cow from the truck of an unknown man just outside of Smithfield, Johnston County, on Monday, 1 November, 1937.

The defendant assigns as error the following excerpt from his Honor's charge:

"Now, gentlemen, there is a rule of law with respect to recent possession of stolen property.   There is a presumption arising from such recent possession that the one in whose possession it is found is guilty of the larceny of that property.   It is not a presumption of law but a presumption of fact, and is one which may be rebutted.   If you find beyond a reasonable doubt, the burden of proof being on the State, that this cow was stolen from Mr. Parker on Thursday, 28 October, and that on the following Wednesday that the same cow was in the possession of the defendant, that would raise a presumption of fact that he was the person who stole the cow.   Now that presumption, gentlemen, has the effect of placing upon the defendant the duty of offering an explanation as to the possession.   It does not require that he offer such explanation as would satisfy you beyond a reasonable doubt that he did not steal the cow, or such an explanation that would convince you by the greater weight of the evidence that he did not steal the cow, nor does he have the duty of offering such explanation as would satisfy your minds even that he was not a thief, but he is only under the duty to offer such explanation of his possession as is sufficient to raise in your minds a reasonable doubt that he stole the property, and if his explanation is sufficient to raise a reasonable doubt that he is the thief it would be your duty to acquit him."

We think, and so hold, that this assignment of error should be sustained, since it places the burden upon the defendant to raise in the minds of the jury a reasonable doubt as to his guilt, if the jury should find that the cow was stolen on Thursday, 28 October, and was found in his possession on the following Wednesday.

The syllabus in *S. v. Harrington,* 176 N. C., 716, which correctly interprets the opinion, reads: "Where there is sufficient evidence of 'recent possession' of stolen property, the burden still rests upon the State to prove the defendant guilty, throughout the trial, beyond a reasonable doubt; and a charge that the defendant should be acquitted if his explanation raised a reasonable doubt nullifies the duty of the State to exclude such doubt from the minds of the jury, and deprives the defendant of his right to have them pass upon the weight and credibility of the other evidence in the case."

The presumption that the possessor is the thief which arises from the possession of stolen goods is a presumption of fact and not of law, and is strong or weak as the time elapsing between the stealing of the goods and the finding of them in the possession of the defendant is short or long. This presumption is to be considered by the jury merely as an evidential fact, along with the other evidence in the case, in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of the defendant's guilt. The duty to offer such explanation of his possession as is sufficient to raise in the minds of the jury a reasonable doubt that he stole the property, or the burden of establishing a reasonable doubt as to his guilt, is not placed on the defendant, however recent the possession by him of the stolen goods may have been. *S. v. Graves,* 72 N. C., 482; *S. v. Rights,* 82 N. C., 675; *S. v. McRae,* 120 N. C., 608. The burden of establishing the defendant's guilt beyond a reasonable doubt remains upon the State at all stages of the trial.

New trial.

SEAWELL, J., took no part in the consideration or decision of this case.