STATE OF NORTH CAROLINA v. SANDY FLETCHER.

(Filed 19 May, 1965.)

1. Criminal Law § 109; Robbery § 5—

Where all of the evidence shows that property was feloniously taken from the person of the prosecuting witness by the use of a dangerous weapon, with evidence of the identity of defendant as the perpetrator of the offense, the court is not required to submit the question of defendant's guilt of less degrees of the crime.

**2. Criminal Law § 71—**

    Where police officers in booking defendant informed him that he had the right to remain silent and that anything he said might be used against him, a voluntary admission by defendant that on the date the crime was committed he had crossed, at some unidentified point, the street on which the robbery occurred, *held* competent.

APPEAL by defendant from *Johnson, J.,* January-February 1965 Criminal Session of DURHAM.

Defendant was indicted under G.S. 14-87 for robbery with a dangerous weapon. The State offered evidence tending to establish these facts: George Mulchi sells soft goods from his automobile for L. B. Price Mercantile Company. On December 19, 1964, between 9:30 and 10:00 p.m., he was working in the 700 block of Carrington Street in Durham. His car was parked at the entrance of the block. The street light was on. Mulchi had just made a collection and returned to his car when defendant, a man "being stocky built with a large face," wearing a big cowboy hat, and carrying three golf clubs in his hand, approached.

According to Mulchi the following took place:

    "He said to me, 'I want you to take me to deliver these golf clubs,' and I told him, I said, 'Well, look, fellow, I am on my job. I am busy. Even if I could go, I have got my car loaded in the front seat and if I could go I couldn't take you on there because I don't have any room for a passenger, and besides,' I said, 'I don't have time.' He said, 'Take me.' "

Mulchi walked away from defendant, got in his car, and drove down Carrington Street to a customer's home at 705 Carrington. After making a collection at 705, Mulchi returned to the car to get some merchandise the customer had ordered. Mulchi testified to the actual robbery as follows:

    "After I made my collection I went back to the car and reached in for the merchandise. The defendant walked up and I don't recall exactly what he said but anyway he pulled a knife out, and he told me, he said, 'I want to see your pocketbook.' The knife was opened. He pulled the knife out and opened it. It looked like it had a broken blade and had been sharpened around the corner. The blade was approximately two (2) or three (3) inches long. I just stood there and looked at him, and he reached down with — holding the knife with his right hand, and he reached around with his left hand to my right hip pocket and he reached in there and he felt my pocketbook, and he seemed to have some difficulty in getting it out. I reached back there and touched his hand — didn't put up any resistance or anything with that knife being held on me

—but it seemed to irritate him and he just took—he couldn't get that pocketbook out and he just pushed down on my trousers. They tore. When he reached around with his left hand he couldn't get my pocketbook. I guess it was a little bit too tight — it irritated him, and he just pushed down on it, and it tore, and he could very easily get my pocketbook then."

After defendant took $24.00 from the pocketbook, he told Mulchi, "I want to see your watch." He tapped Mulchi's arms, but because of Mulchi's heavy jacket he missed the watch. He also missed $90.00 Mulchi had in a money pouch on his belt. The dome light on the automobile was on, and defendant was standing in the light so that Mulchi, the prosecuting witness, "could see perfectly." Defendant said, "I want you to walk down the street with me." Mulchi made as though he were going, then turned and ran up the steps of the house at 705 Carrington Street, banged on the door, ran in, and called the police. Defendant followed him as far as the steps.

Mulchi and the police searched that section of town, but were unable to apprehend defendant that night. One afternoon about a week later Mulchi observed defendant walking with a woman on Matthews Street. He immediately went to the police station and returned with two detectives, who arrested defendant. At that time defendant told the officers that he had never seen Mulchi before in his life. In the booking room at the police station Detective Cox of the Durham Police told defendant that he wanted to ask him some questions; that "he didn't have to answer; that he had a perfect right to remain silent; that whatever defendant told him he would have to testify in court whether it was for or against defendant; and that it could be used against him." Defendant made no request for counsel, and Cox did not "know whether he had contacted a lawyer" at that time. Over defendant's objection, the court permitted the officer to testify that defendant .then told him that *that day* he had been out to the Hope Valley Country Club caddying and that he had had to cross Carrington Street to get to his home but "he didn't know whether it was the 700 block or where."

Defendant's motion for judgment of nonsuit, made at the close of the State's evidence, was overruled. Defendant offered no evidence. The judge charged the jury that it might return one of three verdicts: "Guilty as charged, guilty of common-law robbery, or not guilty." The jury's verdict was "Guilty, as charged, of armed robbery." From the prison sentence imposed defendant appeals, assigning error in the ruling on the motion to nonsuit, in the admission of Detective Cox's testimony, and in the charge.

BROWN *v.* BROWN.

*T. W. Bruton, Attorney General, and James F. Bullock, Assistant Attorney General, for the State, appellee.*

*Blackwell M. Brogden and J. Milton Read, Jr., for defendant, appellant.*

PER CURIAM. The evidence, detailed above, obviously repelled defendant's motion for judgment of nonsuit. It likewise restricted the jury to two verdicts: guilty of robbery with a dangerous weapon, *i.e.,* a knife, or not guilty. *State v. Parker,* 262 N.C. 679, 138 S.E. 2d 496. Either defendant robbed Mulchi of $24.00 by the threatened use of a knife having a 2-3 inch blade or (a) no robbery occurred or (b) defendant was not the robber. Defendant's contention here that "his Honor should have charged the jury on the guilt or innocence of the defendant as to the crime of larceny from the person" has no substance whatever. There was no evidence of larceny from the person. In charging the jury that it might return a verdict of common-law robbery, the court gave defendant a more favorable charge than the evidence justified.

Defendant, relying upon *Escobedo v. Illinois,* 378 U.S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977 (1964), contends that his statement to the officer was inadmissible. The facts in this case bear no similarity to those in *Escobedo.* Here defendant was informed that he had the right to remain silent and that anything he said might be used against him. In our opinion *Escobedo* has no application "to the free and voluntary conversation" which defendant had with Detective Cox. *State v. Upchurch, ante,* 343, 141 S.E. 2d 528. Moreover, defendant here — unlike the petitioner in *Escobedo* — made no confession of crime. On the contrary, he stated that he had never seen Mulchi.

Defendant's other assignments of error either are formal or point to no prejudicial error.

No error.