STATE OF NORTH CAROLINA v. JAMES R. CHISHOLM

No. 7026SC145

(Filed 6 May 1970)

**1. Larceny § 8— doctrine of recent possession — instructions — burden of proof**

In this prosecution for automobile larceny, the trial court committed prejudicial error in giving an instruction susceptible to the interpretation that defendant had the burden of rebutting the presumption of guilt raised by his possession of the recently stolen automobile, and in failing to instruct the jury that the presumption which arises from defendant's possession of the recently stolen property is to be considered merely as an evidential fact, along with other evidence in the case, in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of defendant's guilt.

**2. Criminal Law § 166— abandonment of assignments of error**

Assignments of error not brought forward and argued in the brief are deemed abandoned. Court of Appeals Rule No. 28.

APPEAL by defendant from *Beal, S.J.,* 20 October 1969, Special Criminal Session, Superior Court of MECKLENBURG County.

Defendant was charged in an indictment proper in form with the larceny of an automobile having a value of $300. The jury returned a verdict of guilty, and defendant appeals from the judgment entered.

*Attorney General Robert Morgan by Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*Peter H. Gerns for defendant appellant.*

MORRIS, J.

Defendant excepts to and assigns as error certain portions of the charge of the court with respect to the doctrine of recent possession.

[1]    The instruction complained of cannot be distinguished from the one disapproved in *State v. Hayes,* 273 N.C. 712, 161 S.E. 2d 185 (1968). There the Court held the instruction to be not only confusing but susceptible of the interpretation by the jury that the defendant had the burden of rebutting the presumption of guilt raised by his possession of the recently stolen automobile. The jury was not clearly instructed that the presumption which arises from the defendant's possession of the recently stolen property "is to be considered by the jury merely as an evidential fact, along with the other evidence in the case, in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of the defendant's guilt," *State v. Hayes, supra,* citing *State v. Baker,* 213 N.C. 524, 196 S.E. 829 (1938), and does not place upon defendant the burden of rebutting the presumption.

[2]    This instruction constituted prejudicial error and entitles defendant to a new trial. Although defendant excepted to and assigned as error the denial of his motion as for nonsuit at the close of the State's evidence and renewed at the close of all the evidence, he did not bring these exceptions forward in his brief and they are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina. Although we do not discuss this assignment of error, we have examined the record and are of the opinion that the evidence for the State was more than ample for submission to the jury. Because there must be a new trial we do not discuss other assignments of error which are not likely to recur.

New trial.

MALLARD, C.J., and VAUGHN, J., concur.