STATE OF NORTH CAROLINA v. CHARLES ALLEN DAVIS

No. 717SC760

(Filed 2 February 1972)

**1. Criminal Law § 71— testimony as to "scuffle marks" — shorthand statement of fact**

Testimony by a deputy sheriff that he observed "scuffle marks" at the scene of an alleged rape was competent as a shorthand statement of facts observed.

**2. Criminal Law § 77— self-serving declaration**

In this prosecution for rape, evidence sought to be elicited on cross-examination of a State's witness that defendant had told   the witness in the presence of the prosecutrix that he had paid the prosecutrix $4.00 to have relations with her was properly excluded as a self-serving declaration.

**3. Rape § 6— failure to submit assault with a deadly weapon and assault on a female**

In this rape prosecution, the trial court did not err in failing to instruct the jury on the lesser offenses of assault with a deadly weapon and assault on a female.

**4. Rape § 6; Criminal Law § 168— rape prosecution — error in submitting lesser offense**

Where the uncontradicted evidence tends to show that defendant committed the crime of rape, error committed by the trial court in instructing the jury that it could find defendant guilty of an assault with intent to commit rape was prejudicial to the State and not the defendant.

APPEAL by defendant from *Cowper, Judge,* 9 August 1971 Session of Superior Court held in EDGECOMBE County.

The defendant was charged in a bill of indictment, proper in form, with the rape of Bessie Lee Brown on 4 July 1971. Upon the defendant's plea of not guilty, the State offered evidence tending to show that on 4 July 1971 Bessie Lee Brown, eighteen years of age, walked with her two younger sisters to a store near their home in Battleboro, North Carolina. At the store the defendant Charles Allen Davis asked the girls if they would go with him to help push his car. The girls walked with the defendant out of Battleboro in an easterly direction along the old Rocky Mount-Battleboro Road to a wooded area, where the defendant told the girls that a path led to his car. There the girls became frightened and started to run. The defendant caught Bessie Lee Brown and they "tussled." In the ensuing

fight the defendant cut Bessie Brown on the neck with a broken pocket knife. He dropped the knife and the witness picked it up and threw it in a ditch under some bushes. Thereafter, the defendant forced her farther into the woods, over a "big ditch," and "way back up there" where he pulled her clothes off and had sexual intercourse with her by force and against her will. The defendant offered no evidence.

The jury found defendant guilty of assault on a female with intent to commit rape. From judgment on the verdict imposing a prison sentence, the defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Russell G. Walker, Jr., for the State.*

*H. Vinson Bridgers for defendant appellant.*

HEDRICK, Judge.

[1] Defendant contends it was error for the court to permit Deputy Sheriff Tom Moore to state that he observed "scuffle marks" at the alleged scene of the rape. "An observer may testify to common appearances, facts and conditions in language which is descriptive of facts observed so as to enable one not an eyewitness to form an accurate judgment in regard thereto." *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469 (1968). Although the words "scuffle marks" are in the nature of a conclusion, it was competent as a shorthand statement of the facts observed. *State v. Nichols,* 268 N.C. 152, 150 S.E. 2d 21 (1966). This assignment of error has no merit.

[2] The defendant next contends that the court erred by not allowing Deputy Sheriff Moore to answer on cross-examination the following question: "Didn't the defendant, when you had him and Bessie Brown together, state to you and to Bessie Brown that he paid her $4.00 to have relations with her?" We think the objection to the question was properly sustained for it clearly solicited a self-serving declaration allegedly made by defendant. *State v. Patton,* 5 N.C. App. 164, 167 S.E. 2d 821 (1969) ; *State v. Chapman,* 221 N.C. 157, 19 S.E. 2d 250 (1942).

[3] The defendant's contention that the court committed prejudicial error by not instructing the jury that it could find the defendant guilty of assault with a deadly weapon or an assault on a female is without merit. There is evidence tending

State v. Davis

to show that the defendant cut Bessie Brown on the neck with his pocket knife, but it is clear that this occurred at a time and place removed from the crime charged in the bill of indictment. The defendant could have been but was not charged with assaulting Bessie Brown with a deadly weapon; to wit, a knife. Considering the bill of indictment and the evidence in this case, the trial court did not commit error in not instructing the jury that it could find the defendant guilty of assault with a deadly weapon. *State v. Overman,* 269 N.C. 453, 153 S.E. 2d 44 (1967).

Where the uncontradicted evidence tends to show that the defendant committed the crime charged in the bill of indictment, the trial judge does not commit prejudicial error when he fails to instruct the jury that it can convict the defendant of a lesser offense of that charged in the bill of indictment. *State v. Murry,* 277 N.C. 197, 176 S.E. 2d 738 (1970) ; *State v. McNeil,* 277 N.C. 162, 176 S.E. 2d 732 (1970) ; *State v. Williams,* 275 N.C. 77, 165 S.E. 2d 481 (1969) ; *State v. Jones,* 249 N.C. 134, 105 S.E. 2d 513 (1958) ; *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545 (1954).

[4] In the present case the uncontradicted evidence tends to show that the defendant committed the crime of rape. Any error committed by the trial judge in instructing the jury that it could find the defendant guilty of an asault with intent to commit rape was prejudicial to the State, and not to the defendant. *State v. Fletcher,* 264 N.C. 482, 141 S.E. 2d 873 (1965).

We hold that the defendant had a fair trial free from prejudicial error.

No error.

Chief Judge MALLARD and Judge GRAHAM concur.