STATE OF NORTH CAROLINA v. ROY ROGERS HUBBARD

No. 7320SC626

(Filed 19 September 1973)

1. **Constitutional Law § 29; Grand Jury § 3; Jury § 7— jury lists — absence of persons 18 to 21 years old**

    The absence from the jury lists of the names of persons between the ages of 18 and 21 during the period from 21 July 1971, the effective date of the amendment of G.S. 9-3 lowering the age requirement for jurors from 21 years to 18 years, and 15 September 1971, the date of defendant's trial, did not constitute systematic exclusion of such age group from jury service.

2. **Criminal Law § 66— identification testimony — failure to hold voir dire**

    Failure of the trial court to conduct a *voir dire* examination following defendant's objection to identification evidence did not render

such evidence inadmissible where defendant did not request a *voir dire* examination of the identifying witness, there was no evidence at trial of any lineup or photographic identification, and the evidence is clear and convincing that the in-court identification originated with the witness's observation of defendant at the time of the crime.

**3. Criminal Law § 114— statement that evidence "tends to show" — no expression of opinion**

A statement in the charge that a party has offered evidence which "tends to show" is not an expression of opinion that the evidence established such or should be believed.

**4. Criminal Law § 113— joint trial — use of "either or both" in charge**

The trial court did not err in using the disjunctive "either or both" in reference to the guilt of the two defendants where each use of the disjunctive was followed by a specific instruction referring to each defendant by name.

**5. Robbery § 5— failure to instruct on larceny**

The trial court in an armed robbery prosecution was not required to instruct the jury on the lesser included offense of larceny where the State's uncontradicted evidence tended to show that defendants took property from the person of the victim with the use of firearms.

ON *certiorari* to review judgment of *Gambill, Judge,* 13 September 1971 Criminal Session of ANSON County Superior Court.

Defendant was indicted, along with a codefendant not involved in this appeal, on two counts of armed robbery and counts of kidnapping and felonious breaking and entering. Defendant pled not guilty to all counts and was convicted by a jury on all counts.

At the beginning of the trial, defendant's attorney moved that the indictment be quashed on the basis that defendant was 20 years old, and that all persons 18, 19 and 20 years old were systematically excluded from the jury list. The motion was denied.

The uncontradicted evidence of the State tended to show the following:

The prosecuting witness, Baxter McRae, returned to his home in Peachland to discover that the defendant Hubbard and his accomplice Sturdivant had entered his home and were waiting for him, armed with a "snub-nosed 38." Following a series of threats to the person of McRae and to the safety of his wife, the discharge of the 38 and a series of questions concerning the

amount of cash available to McRae, the defendants took $62 from McRae's person at gun point and drove to Wadesboro with him and forced him to withdraw $27,000 from his bank account. McRae thereupon picked up defendant Hubbard in his pickup truck, gave him the money in a brown paper bag, and drove him out of town to a point in the country where McRae was tied up and abandoned, and the defendants attempted to escape in a blue 1966 Plymouth.

A State Highway Patrolman testified that a blue 1966 Plymouth was reported leaving the scene where the pickup truck had been abandoned. He further testified that he chased the car and apprehended Hubbard, who had on his person a brown paper bag containing the $27,000 withdrawn from the bank by McRae.

We granted defendant's petition for certiorari in lieu of appeal, the maximum time for perfecting his appeal and docketing the record having expired.

*Attorney General Morgan, by Associate Attorney Hassel, for the State.*

*Jones and Drake, by Henry T. Drake, for defendant appellant.*

MORRIS, Judge.

[1] Appellant's first assignment of error is that persons 18, 19 and 20 years of age were systematically excluded from the jury lists. North Carolina amended its statutes effective 21 July 1971 to provide that all persons 18 years of age and older are to be included on the jury lists. G.S. 9-3. Defendants were tried in the Anson County Superior Court on 15 September 1971.

However, appellant's position is unsound in light of the holding of the Supreme Court of North Carolina in *State v. Cornell,* 281 N.C. 20, 187 S.E. 2d 768 (1972), where the defendant was likewise tried after the enactment of G.S. 9-3 as amended. Citing G.S. 9-2—which provides that the jury commissioners are to begin preparation of a new jury list "at least thirty days" prior to 1 January 1972—the Supreme Court held that:

"The absence from the jury list of the names of persons between the ages of eighteen and twenty-one for the short period of time here complained of is not unreasonable, and

does not constitute systematic and arbitrary exclusion of this age group from jury service." *Id.* at 37.

The case *sub judice* is indistinguishable on the facts from *Cornell, supra.* This assignment of error is overruled.

[2] Appellant further contends that failure of the trial judge to conduct a voir dire examination following his objection to identification evidence rendered such evidence inadmissible. We do not agree. Nowhere in the record does it appear that the defendant requested a voir dire examination of the identifying witness.

> "When the State offers a witness whose testimony tends to identify the defendant as the person who committed the crime charged in the indictment, and the defendant interposes timely objection *and requests a voir dire,* or asks for an opportunity to 'qualify' the witness, such *voir dire* should be conducted in the absence of the jury and the competency of the evidence evaluated." (Emphasis added.) *State v. Accor* and *State v. Moore,* 277 N.C. 65, 79, 175 S.E. 2d 583 (1970).

In *State v. Stepney,* 280 N.C. 306, 314, 185 S.E. 2d 844 (1971), Justice Huskins, speaking for a unanimous court as to this question, and after quoting the above from *State v. Accor* and *State v. Moore, supra,* said:

> "It is apparent from the foregoing decisions that the better procedure dictates that the trial judge, even upon a general objection only, should conduct a voir dire in the absence of the jury, find facts, and thereupon determine the admissibility of in-court identification testimony. *State v. Blackwell, supra* (276 N.C. 714, 174 S.E. 2d 534). Failure to conduct the voir dire, however, does not necessarily render such evidence incompetent. Where, as here, the pretrial viewing of photographs was free of impermissible suggestiveness, and the evidence is clear and convincing that defendant's in-court identification originated with observation of defendant at the time of the robbery and not with the photographs, the failure of the trial court to conduct a voir dire and make findings of fact, as he should have done, must be deemed harmless error. *State v. Williams, supra* (274 N.C. 328, 163 S.E. 2d 353). A different result could not reasonably be expected upon a retrial if all evi-

dence of pretrial photographic identification were excluded." *Id.* at 314.

In this case, there had been no evidence of a lineup or photographic identification, nor was there any later evidence as to that. The prosecuting witness testified that he was in the presence of the defendant for over two hours and had ample opportunity to observe him. A part of that time defendant had a nylon stocking over his face, but for a part of the time his face was unmasked and the witness was in an automobile or pickup truck with him for the greater part of the time. Additionally, there was other clear evidence of identification. No possible prejudice could have resulted to defendant by the court's failure to conduct a voir dire examination.

[3] Appellant excepts to the charge of the trial court in that it amounts to a comment on the evidence. The record does not support this position. A statement that a party had offered evidence which "tends to show" is not an expression of opinion that the evidence established such or should be believed. *Thompson v. Davis,* 223 N.C. 792, 28 S.E. 2d 556 (1943).

[4] Appellant further excepts to the charge in that the expression "either or both" is used repeatedly in reference to the guilt of the two defendants. While it is error to instruct the jury in the disjunctive when joint defendants are tried together, *State v. Parrish,* 275 N.C. 69, 165 S.E. 2d 230 (1969) ; *State v. Doss,* 5 N.C. App. 146, 167 S.E. 2d 830 (1969), the record in the case *sub judice* reveals that each use of the disjunctive "either or both" is followed by a specific instruction referring to each defendant by name. Defendant cannot be permitted to select portions of the charge—even though objectionable when standing alone—and assign errors to them if those portions can be readily explained by reference to the charge in its entirety, and the charge in its entirety appears to be without prejudicial error. *In re Mrs. Hardee,* 187 N.C. 381, 121 S.E. 667 (1924) ; *Acceptance Corp. v. Edwards,* 213 N.C. 736, 197 S.E. 613 (1938).

[5] There was no error on the part of the trial court in failing to instruct the jury on the lesser included offense of larceny. It is well settled that an indictment for robbery with firearms will support a conviction of larceny, and when there is evidence of defendant's guilt of larceny it is error for the court to fail to submit the question to the jury. *State v. Wenrich,* 251 N.C. 460, 111 S.E. 2d 582 (1959) ; *State v. Davis,* 242 N.C. 476, 87

S.E. 2d 906 (1955). It is equally well settled, however, that where all the evidence shows that property was feloniously taken from the person of the prosecuting witness by the use of a dangerous weapon, the court is not required to submit the question of defendant's guilt of lesser degrees of the crime. *State v. Fletcher,* 264 N.C. 482, 141 S.E. 2d 873 (1965); *State v. Wenrich, supra.* Here the State's evidence was uncontradicted, and it tended to show that the defendants did in fact take property from McRae's person with the use of firearms.

Appellant's final exception to the trial court's accepting the verdict is without merit and overruled.

In defendant's trial in the Superior Court, we find no prejudicial error.

No error.

Chief Judge BROCK and Judge PARKER concur.