STATE OF NORTH CAROLINA v. RANDOLPH THOMAS FAIR

No. 50

(Filed 4 November 1976)

1. Burglary and Unlawful Breakings § 5; Larceny § 5— larceny by breaking and entering — possession of recently stolen property — inferences

    When it is established that a larceny was accomplished by a breaking and entering, discovery of the stolen articles in defendant's possession soon after the theft raises the inference that defendant was guilty of both the breaking and entering and the larceny.

2. Larceny § 5— inference from possession of stolen property — prerequisites

    The inference that the person in possession of stolen goods is the thief arises upon proof beyond a reasonable doubt that (1) the prop-

erty described in the indictment was stolen; (2) the property shown to have been possessed by the accused was the stolen property; and (3) the possession was recently after the larceny.

**3. Larceny § 8— possession of item not listed in indictment — doctrine of possession of recently stolen property — instructions**

Where the only stolen articles found in defendant's possession were cuff links which were not lised in the indictment, the trial court should have instructed that in order for the doctrine of possession of recently stolen property to apply the jury must find beyond a reasonable doubt that the cuff links were stolen at the same time and place as the property listed in the indictment.

ON petition by defendant under G.S. 7A-31 for discretionary review of the decision of the Court of Appeals reported in 29 N.C. App. 147, 223 S.E. 2d 704 (1976), affirming judgment of *Kirby, J.* entered 24 June 1975, GASTON County Superior Court.

On a two-count bill of indictment, proper in form, defendant was tried and convicted of (1) felonious breaking and entering and (2) felonious larceny of two stereo tape players, two bicycles, two radios, twenty-five silver dollars, and $25.00 in coins, having a total value of more than $200.00.

The evidence for the State tended to show that on 25 February 1975 the home of Alex W. Stuart was broken into between 8:15 a.m. and 6 p.m. while the family was away. Mr. Stuart reported to the police on the day of the breaking and entering that the items shown in the bill of indictment were taken. No cuff links were mentioned in the list of stolen objects given to the police that day.

Mr. Stuart's son owned a pair of gold cuff links that were last seen on the top of one of the stolen stereos the morning of 25 February 1975. The defendant was arrested at 5 p.m. on 26 February 1975 approximately one hundred yards from the Stuart home with a pair of gold cuff links in his pocket. At 5:30 p.m. on the same day the cuff links were identified as the son's cuff links. A warrant dated 27 February 1975 charged defendant with breaking and entering and felonious larceny of the items reported stolen by Mr. Stuart, but did not include the gold cuff links.

The defendant's evidence, produced on cross-examination, tended to show that the police took out a warrant charging Bruce Nelson Johnson with breaking and entering the Stuart home and stealing the cuff links on 26 February 1975.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Ralf F. Haskell and Associate Attorney Sandra M. King for the State.*

*Don H. Bumgardner for defendant appellant.*

COPELAND, Justice.

Defendant assigns as error the trial judge's failure to charge the jury that the doctrine of recent possession was applicable only if the jury found beyond a reasonable doubt that the cuff links discovered in the defendant's possession were stolen at the same time and place as the items listed in the bill of indictment.

[1] The State relied heavily on the doctrine of recent possession. Upon an indictment for larceny, recent possession of stolen property has always been considered by this Court as a circumstance tending to show the guilt of the possessor. *State v. Bell,* 270 N.C. 25, 153 S.E. 2d 741 (1967) ; *State v. Hullen,* 133 N.C. 656, 45 S.E. 513 (1903) ; *State v. Graves,* 72 N.C. 482 (1875). Similarly, recent possession is evidence of the fact that the defendant broke and entered the house when the breaking and entering was necessary to enable the thief to gain access to the property. *State v. Jackson,* 274 N.C. 594, 164 S.E. 2d 369 (1968) ; *State v. Bell, supra; State v. Hullen, supra.*

The presumption, or inference as it is more properly called, is one of fact and not of law. The inference derived from recent possession "is to be considered by the jury merely as an evidentiary fact, along with the other evidence in the case, in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of the defendant's guilt." *State v. Baker,* 213 N.C. 524, 526, 196 S.E. 829, 830 (1938) ; *accord State v. Greene,* 289 N.C. 578, 223 S.E. 2d 365 (1976) ; *State v. Bell, supra.* Proof of recent possession by the State does not shift the burden of proof to the defendant but the burden remains with the State to demonstrate defendant's guilt beyond a reasonable doubt. *State v. Greene, supra, State v. Baker, supra.*

The State in order to invoke the permissible inference must prove beyond a reasonable doubt each fact necessary to give rise to the inference. *See State v. Jackson, supra;* N.C.P.I.—Crim. § 104.40 (June 1972). "Inference may not be based on infer-

---

---

ence. Every inference must stand upon some clear and direct evidence, and not upon some other inference on presumption." *State v. Parker,* 268 N.C. 258, 262, 150 S.E. 2d 428, 431 (1966) ; *accord State v. Greene, supra.*

[2]   The inference that the person in possession of the goods is the thief arises upon proof beyond a reasonable doubt that (1) the property described in the indictment was stolen, (2) the property shown to have been possessed by the accused was the stolen property, and (3) the possession was recently after the larceny. *State v. Foster,* 268 N.C. 480, 151 S.E. 2d 62 (1966). It follows that where the defendant is indicted for stealing items different from those actually found in his possession, the inference cannot arise unless it is also shown that the property in his possession was stolen at the same time and place as the property listed in the bill of indictment. *State v. Blackmon,* 6 N.C. App. 66, 169 S.E. 2d 472 (1969). *See State v. Hullen, supra.*

[3]   The jury should have been instructed that in order for the doctrine of recent possession to apply they must find beyond a reasonable doubt that the cuff links were stolen at the same time and place as the other property for which defendant stands indicted. The failure to so instruct was error and, under the facts of this case, we cannot say that it was harmless. The cuff links were not listed in the original police report as stolen, and a warrant was taken out alleging that the cuff links were stolen by another person on a different day.

Thus, the defendant is entitled to a

New trial.