STATE OF NORTH CAROLINA v. CARROLL LENLEY HALES

No. 762SC786

(Filed 6 April 1977)

1. Larceny § 5— possession of recently stolen property — burden of going forward with evidence on defendant — no error

> *Mullaney v. Wilbur,* 421 U.S. 684, holding that the State has the burden of proving every element of a crime and the State cannot shift this burden of proof to defendant does not affect the doctrine of possession of recently stolen property, since that doctrine is only an evidentiary inference shifting to the defendant the burden of going forward with evidence.

2. **Burglary and Unlawful Breakings § 5; Larceny § 7— possession of recently stolen property — sufficiency of evidence**

 In a prosecution for breaking and entering and larceny, evidence was sufficient to be submitted to the jury where it tended to show that the exact quantities, brands and sizes of seed corn and herbicide which were stolen were found in defendant's barn the next day following the break-in.

APPEAL by defendant from *Albright, Judge.* Judgment entered 1 July 1976 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 9 March 1977.

Defendant was indicted for (1) felonious breaking and entering with intent to commit larceny and (2) felonious larceny. He was convicted of both and sentenced to serve not less than six years nor more than eight years. He appealed.

Evidence against defendant showed that thirty bags of seed corn and fourteen five-gallon cans of herbicide were stolen from the Kerr-McGee Farm Center warehouse in Pantego, North Carolina, sometime during the night of 20 March 1976. Four different varieties of corn and one kind of herbicide were stolen. According to the evidence, the corn comprised fifteen bags of Pioneer, lot number 2860A, size flat 12; eleven bags of Funk's, lot number G4611, size round 12; two bags of Pioneer, lot number 3368, size flat 14B and two bags of Pioneer, size flat 12 (lot number not in the record). The herbicide bore the brand and lot number LASSO, MOL1028B. There was evidence that other agricultural supply stores in the area were likely to have had seed corn bearing these lot numbers and all Kerr-McGee stores in the area had this herbicide in stock.

The evidence at the trial further tended to show that on 22 March 1976, police officers, armed with a warrant, searched defendant's tobacco barns for the stolen goods. The officers found exactly thirty bags of corn and fourteen cans of herbicide together in a locked barn. The State introduced these bags of corn and cans of herbicide into evidence, and the State's chief witness, an employee of the Kerr-McGee store, identified the goods, saying that the lot numbers on the goods in evidence corresponded exactly to the numbers on the stolen goods. On cross-examination the witness said, "Other people do carry those same type (sic) of stuff. No sir, I don't have any actually really and truly foolproof means of identifying the seed corn . . . . As to there being no really foolproof way of identifying the

LASSO [herbicide], . . . it could have been bought from one of our dealers."

Some of defendant's evidence tended to establish an alibi for the night in question. Other evidence tended to show that a friend placed the goods in defendant's barn without his knowledge. When the friend told the defendant about the goods, defendant allegedly ordered him to remove them.

*Attorney General Edmisten, by Special Deputy Attorney General, John R. B. Matthis and Associate Attorney Rebecca R. Bevacqua, for the State.*

*LeRoy Scott for defendant appellant.*

ARNOLD, Judge.

[1] The court instructed the jury properly on the doctrine of possession of recently stolen goods, but defendant challenges the instruction on the ground that the doctrine is unconstitutional in light of the United States Supreme Court decision of *Mullaney v. Wilbur,* 421 U.S. 684, 44 L.Ed. 2d 508, 95 S.Ct. 1881 (1975). *Mullaney* holds that the State has the burden of proving every element of a crime and that the State cannot shift this burden of proof to the defendant. *Mullaney* is inapposite to the case at bar, because the so-called recent possession doctrine does not shift the burden of proof to the defendant. The doctrine only allows the jury *to infer* that the defendant stole the goods, because the State first proved that the stolen goods were in defendant's possession so soon after the theft that it was unlikely that he obtained them honestly. The doctrine is only an evidentiary inference shifting to the defendant the burden of going forward with evidence. Evidentiary inferences and presumptions such as this are unaffected by *Mullaney. State v. Williams,* 288 N.C. 680, 220 S.E. 2d 558 (1975).

[2] Defendant next argues that the court should have granted his motions for nonsuit and judgment *non obstante veredicto,* because the State failed to prove that the seed corn and herbicide found in his barn were those that were stolen from Kerr-McGee. Defendant relies on *State v. Foster,* 268 N.C. 480, 151 S.E. 2d 62 (1966), and *State v. Evans,* 1 N.C. App. 603, 162 S.E. 2d 97 (1968). In *Foster,* the defendant was shown to possess a stolen battery charger and six automobile tires identical in size, brand and tread design to six tires which were known to

have been stolen along with the battery charger. Our Supreme Court held that the tires were not identified well enough to prove that they were the stolen tires. Defendant's conviction for theft of the tires was reversed. *Evans* followed *Foster*. There the State proved that the defendant had in his possession a quantity of cigarettes, beer, chewing gum, pickles and pigs feet which was similar to a quantity of items stolen from a tavern. The owner of the stolen merchandise was unable to identify the property in the defendant's possession. This Court held that there was insufficient evidence to prove that the goods in the defendant's possession were, in fact, the stolen goods.

On a motion for nonsuit or judgment n.o.v., the evidence is considered in the light most favorable to the State. The motion must be denied where there is sufficient evidence that the offense charged was committed and that the defendant committed it. *State v. Stokesberry,* 28 N.C. App. 96, 220 S.E. 2d 214 (1975). Nonsuit is correctly denied in a larceny case where the State relies on the doctrine of possession of recently stolen goods and presents evidence of possession of the stolen goods by defendant soon after the theft. *State v. Eppley,* 282 N.C. 249, 192 S.E. 2d 441 (1972). The State's evidence indicated that the exact quantities, brands and sizes of seed corn and herbicide which were stolen were found in defendant's barn the next day following the break-in.

This is not a case of just six tires, or a case of unknown quantities of goods such as beer and cigarettes. Here, the exact quantities, brands and sizes of the stolen seed corn and herbicide were found in defendant's possession. A great many variables coincided perfectly. It is a reasonable and logical inference that the goods discovered in defendant's possession were the stolen goods. Defendant's motions were properly denied.

Defendant's remaining assignments of error have been considered and there is found

No error.

Chief Judge BROCK and Judge PARKER concur.