STATE OF NORTH CAROLINA v. WILLIAM PATRICK DeGINA

No. 7921SC278

(Filed 3 July 1979)

1. **Forgery § 1— uttering forged check—inference of forgery or consent to forgery**

The inference that one who utters a forged instrument and thereby endeavors to obtain money or advances upon it either forged or consented to the forging of the instrument is not violative of due process.

**2. Forgery § 2— forgery and uttering forged check—no double jeopardy**

There was no merit to defendant's contention that the use of the same evidence to convict him of forgery and of uttering a forged check placed him in double jeopardy, since the crime of uttering is an offense distinct from that of forgery, and conviction of each offense requires proof of an additional fact which the other does not.

**3. Criminal Law § 113.7— jury instructions—acting in concert**

Defendant was not prejudiced by the trial court's instruction on acting in concert, though defendant contended there was no evidence in the record indicating the existence of another's participation in the crimes charged.

**4. Criminal Law § 114.2— jury instructions—recapitulation of evidence—no expression of opinion**

In a prosecution for forgery and uttering a forged check, the trial court did not express an opinion in instructing the jury that the State had offered evidence which would tend to show that the check in question came back and was "labeled a forgery," or in instructing that one witness's testimony was that the check was a "forgery."

APPEAL by defendant from *Hairston, Judge.* Judgment entered 27 October 1978 in Superior Court, FORSYTH County. Heard in the Court of Appeals 13 June 1979.

Defendant was charged with the offenses of forging and uttering a false check.

At trial, the State's evidence tended to show: Clarence Hennings, owner of Hennings Auto Sales, discovered that eighteen of his checks were missing from his checkbook subsequent to a break-in at his company. Two weeks later, defendant presented one of Mr. Hennings' checks for payment in the amount of $2,500 at the main office of Wachovia Bank in Winston-Salem. The check was payable to Clarence Hennings. Ms. Cheryl Davis, a bank teller, cashed the check for defendant, but did not see him endorse the check.

Clarence Hennings had not given defendant authority or consent to sign his name on the check, nor did he receive funds from that check.

Defendant offered evidence tending to show that he was in New York on the day the check was cashed.

The jury found defendant guilty of forgery and of uttering forged papers. The trial court sentenced defendant to a term of

not less than four years and not more than six years on the uttering charge. On the forgery charge, the court sentenced defendant to no less than two nor more than four years; this sentence to run consecutively with the sentence on the uttering charge. Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Isham B. Hudson, Jr., for the State.*

*Charles O. Peed, for defendant appellant.*

ERWIN, Judge.

[1] The initial question raised by defendant is whether the presumption in our State that one who is found in the possession of a forged instrument and is endeavoring to obtain money or advances upon it either forged or consented to the forging of the instrument, violates due process of law. We hold that it does not.

The presumption, or more properly labeled the inference, questioned by defendant was thoroughly examined by our Supreme Court in *State v. Morgan*, 19 N.C. 348 (1837). In upholding the validity of a conviction based on the inference, Chief Justice Ruffin, speaking for the Court in *Morgan, supra* at 350, stated:

> "[F]ew frauds, or offences partaking in their nature of fraud, are perpetrated openly, so as to be capable of express proof. If more than one person was present at the perpetration, it is almost certain that all participated; so that each is protected from testifying. Hence, there is both a necessity, and a propriety in resorting to presumptions from circumstances. It is possible, indeed, that a wrong inference may be deduced from them; but the necessity is so pressing, that a bare possibility of mistake must not over-rule it; and while guilt is not presumed from any circumstances, unless, in the whole, they are apparently inconsistent with innocence; the danger of injustice is rather ideal than real."

In reaching its decision in *Morgan, supra*, the Court relied on the presumption-inference, arising from possession of recently stolen property, that the person in possession stole the goods. Defendant would have us invalidate the forgery presumption on the ground that it lessens the State's burden of proof. However, the very

same argument made as to the invalidity of the inference arising from possession of recently stolen property has been rejected not only by our Supreme Court, but the Supreme Court of the United States as well.

In *Barnes v. United States*, 412 U.S. 837, 37 L.Ed. 2d 380, 93 S.Ct. 2357 (1973), the Supreme Court upheld the conviction of a defendant on two counts of possessing United States Treasury checks stolen from the mails, knowing them to be stolen, two counts of forging the checks, and two counts of uttering the checks, knowing the endorsements to be forged. Defendant's convictions were upheld even though the trial court instructed the jury that ordinarily it would be justified in inferring from unexplained possession of recently stolen mail that the defendant possessed the mail with knowledge that it was stolen. The Court stated:

> "[T]he evidence established that petitioner possessed recently stolen Treasury checks payable to persons he did not know, and it provided no plausible explanation for such possession consistent with innocence. On the basis of this evidence alone common sense and experience tell us that petitioner must have known or been aware of the high probability that the checks were stolen. Cf. *Turner v United States*, 396 US, at 417, 24 L Ed 2d 610; *Leary v United States*, 395 US, at 46, 23 L Ed 2d 57. Such evidence was clearly sufficient to enable the jury to find beyond a reasonable doubt that petitioner knew the checks were stolen. Since the inference thus satisfies the reasonable-doubt standard, the most stringent standard the Court has applied in judging permissive criminal law inferences, we conclude that it satisfies the requirements of due process." (Footnotes omitted.)

*Id.* at 845-46, 37 L.Ed. 2d at 387, 93 S.Ct. at 2362-63.

Our Supreme Court's opinion in *State v. Fair*, 291 N.C. 171, 229 S.E. 2d 189 (1976), upholding the propriety of instructing the jury on the doctrine of recent possession is in accord with *Barnes, supra*. In *State v. Fair*, 291 N.C. 171, 173, 229 S.E. 2d 189, 190 (1976), our Supreme Court explained as follows:

> "The presumption, or inference as it is more properly called, is one of fact and not of law. The inference derived

from recent possession 'is to be considered by the jury merely as an evidentiary fact, along with the other evidence in the case, in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of the defendant's guilt.' *State v. Baker*, 213 N.C. 524, 526, 196 S.E. 829, 830 (1938); *accord State v. Greene*, 289 N.C. 578, 223 S.E. 2d 365 (1976); *State v. Bell, supra.* Proof of recent possession by the State does not shift the burden of proof to the defendant but the burden remains with the State to demonstrate defendant's guilt beyond a reasonable doubt. *State v. Greene, supra, State v. Baker, supra.*"

Defendant would have us believe that the decision in *Mullaney v. Wilbur*, 421 U.S. 684, 44 L.Ed. 2d 508, 95 S.Ct. 1881 (1975), makes the continued use of the doctrine of recent possession or the inference arising from the uttering of a forged instrument unconstitutional. Only recently, we rejected this very same argument in *State v. Hales*, 32 N.C. App. 729, 233 S.E. 2d 601, *cert. denied*, 292 N.C. 732, 235 S.E. 2d 782 (1977). Judge Arnold, speaking for this Court in *State v. Hales, supra*, stated:

"[*M*]*ullaney* is inapposite to the case at bar, because the so-called recent possession *doctrine does not shift the burden of* proof to the defendant. The doctrine only allows the jury *to infer* that the defendant stole the goods, because the State first proved that the stolen goods were in defendant's possession so soon after the theft that it was unlikely that he obtained them honestly. The doctrine is only an evidentiary inference shifting to the defendant the burden of going forward with evidence. Evidentiary inferences and presumptions such as this are unaffected by *Mullaney. State v. Williams*, 288 N.C. 680, 220 S.E. 2d 558 (1975)."

*Id.* at 731, 233 S.E. 2d at 602.

In view of our decision in *Hales, supra*, we hold that the inference that one who utters a forged instrument and thereby endeavors to obtain money or advances upon it either forged or consented to the forging of the instrument is not violative of due process.

[2] Defendant further contends that the use of the same evidence to convict him of forgery and of uttering places him in

double jeopardy in violation of Article I, § 19, of the North Carolina Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. We do not agree.

The crime of uttering is an offense distinct from that of forgery. *State v. Greenlee*, 272 N.C. 651, 159 S.E. 2d 22 (1968). The three essential elements necessary to constitute the crime of forgery are: (1) a false writing of the check; (2) an intent to defraud on the part of defendant who falsely made the said check; and (3) the check as made was apparently capable of defrauding. *State v. Greenlee, supra; State v. Keller*, 268 N.C. 522, 151 S.E. 2d 56 (1966); 6 Strong's N.C. Index 3d, Forgery, § 1, p. 306.

To be convicted of uttering, a defendant must have offered to another the forged instrument with the knowledge of the falsity of the writing and with the intent to defraud. *State v. McAllister*, 287 N.C. 178, 214 S.E. 2d 75 (1975), and *State v. Greenlee, supra*.

In the instant case, each statute requires proof of an additional fact which the other does not. An acquittal or conviction under either statute does not except the defendant from prosecution and punishment under the other. *See Barker v. State of Ohio*, 328 F. 2d 582 (6th Cir. 1964); *State v. Stevens*, 114 N.C. 873, 19 S.E. 861 (1894).

It is true that the same evidence was offered to support the convictions of forgery and uttering. However, the forgery conviction was based on an *inference* arising from the uttering and not on the evidence of uttering itself. Since the inference of forgery arising from the uttering is constitutionally permissible, defendant has not been placed in double jeopardy for the "same offense." We find no error.

[3] Defendant contends that the trial court erred in instructing the jury on "acting in concert" when there was no evidence in the record indicating the existence of another's participating in the forging or uttering. Although the trial court's instruction may have been erroneous, we do not find it to be prejudicial error.

In *State v. Cameron*, 284 N.C. 165, 200 S.E. 2d 186 (1973), *cert. denied*, 418 U.S. 905, 41 L.Ed. 2d 1153, 94 S.Ct. 3195 (1974), our Supreme Court rejected a similar argument. In *Cameron, supra*, the Court stated:

"The State's evidence, principally offered through the testimony of co-participants in the commission of the crime, tended to show that defendant was not alone. However, this compelling and direct evidence was amply sufficient to support a jury finding that defendant actually participated in each element of the charged crime. Defendant's sole defense was alibi. The jurors' decision was not clouded by questions of joint participation or common purpose to commit a crime. Thus the jury was given a clear-cut decision: whether to believe the State's evidence and return a verdict of guilty or believe the defendant's evidence of alibi and return a verdict of not guilty.

We must agree that the instruction given to the jury upon the reconvening of court did not arise upon the evidence and, therefore, could not have been properly applied to the evidence. However, in light of the clear choices afforded the jury by all the evidence, we do not believe that this one statement misled or confused the jury in reaching its verdict."

*Id.* at 171, 200 S.E. 2d at 191.

In view of our Supreme Court's decision in *Cameron, supra,* we find no error in the court's instruction on "acting in concert." There was ample evidence to support the jury's verdict that defendant forged and uttered the instrument in question.

In giving its instruction on "acting in concert," the trial court stated: "If two or more persons act together with a common purpose to commit forgery or uttering an instrument, a forged instrument, each of them is held responsible for the acts of the others done in the commission of forgery *and* uttering a forged instrument." (Emphasis added.)

When viewed in isolation, this part of the instruction would be erroneous. However, when the charge is viewed in its entirety, as it must be, we find no prejudicial error. *Cf. State v. Hubbard,* 19 N.C. App. 431, 199 S.E. 2d 146 (1973).

Any prejudice which could have resulted from that portion of the charge complained of was removed by the following portions of the charge and particularly the final mandate to the jury on each offense charged. The jury was instructed that in order to

convict the defendant, it must find him guilty beyond a reasonable doubt as to each of the elements of the offenses charged. We find no merit in this assignment of error.

[4]  Finally, defendant contends that the court, in its charge, invaded the province of the jury when the trial court instructed the jury that the State had offered evidence which would tend to show that the check (State's Exhibit No. 3) came back and was "labeled a forgery," and at another point, the court instructed the jury that witness Hennings' testimony was that State's Exhibit No. 3 was a "forgery." This is not an expression of an opinion that the evidence established such or should be believed. *Thompson v. Davis*, 223 N.C. 792, 28 S.E. 2d 556 (1944). This assignment of error is overruled.

In the trial of defendant, we find

No error.

Judges CLARK and CARLTON concur.