State v. McNeill

STATE OF NORTH CAROLINA v. ALFRED W. McNEILL

No. 8112SC361

(Filed 17 November 1981)

1. **Burglary and Unlawful Breakings § 6.5; Larceny § 7.4— application of doctrine of possession of recently stolen property—no violation of due process**

   Application of the doctrine of possession of recently stolen property in a prosecution for breaking and entering and larceny did not lessen the State's burden of proof and thereby result in a violation of due process.

2. **Burglary and Unlawful Breakings § 6.5; Larceny § 8.4— possession of recently stolen property—failure to give requested instructions**

   The trial court did not err in refusing to give defendant's requested instructions that, in order to find defendant guilty of breaking and entering and larceny pursuant to the doctrine of possession of recently stolen property, the State must prove beyond a reasonable doubt that the property possessed by defendant was "the identical property stolen" where the instructions given by the court sufficiently apprised the jurors that the State must prove that the articles in defendant's possession soon after the theft were those articles stolen.

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 14 November 1980, Superior Court, CUMBERLAND County. Heard in the Court of Appeals 23 September 1981.

Defendant was charged with and convicted of breaking or entering and larceny and appeals from judgment entered upon the guilty verdicts.

*Attorney General Edmisten, by Assistant Attorney General Ben G. Irons, II, for the state.*

*Assistant Public Defender Jodie Ellis for defendant appellant.*

MORRIS, Chief Judge.

The evidence for the state tended to show that the residence of the prosecuting witness had been entered and certain items stolen therefrom. Among the items stolen was a Sears black and white television, serial No. 74025742, and an Emerson heater. Entrance to the residence was gained by the thief's having split the front door "down the middle from top to bottom." On the same day defendant pawned a Sears television set, serial No. 74025742 to one pawn shop, and sold an Emerson heater to another pawn shop, both pawn shops being on the same street in Fayetteville.

The state relied on the doctrine of possession of recently stolen property. It is to the application of this principle that defendant's two assignments of error are directed. He contends that the application of the doctrine is unconstitutional and that the court committed reversible error in denying his tendered request for instructions to the jury that the state must prove beyond a reasonable doubt that the property possessed by defendant was "the identical property stolen." We reject both arguments and find no error in defendant's trial.

[1] With respect to the first contention, defendant's position is that to allow the state to rely on a "presumption" such as in this case lessens the state's burden of proof and thereby results in a violation of the due process clause. This argument was rejected in *State v. DeGina*, 42 N.C. App. 156, 256 S.E. 2d 275 (1979), following *Barnes v. U.S.*, 412 U.S. 837, 37 L.Ed. 2d 380, 93 S.Ct. 2357 (1973), and *State v. Fair*, 291 N.C. 171, 229 S.E. 2d 189 (1976). See generally *State v. Maines*, 301 N.C. 669, 273 S.E. 2d 289 (1981). We adhere to these precedents and overrule this assignment of error.

[2] Defendant argues that the court erred in not allowing his request for instructions; specifically "[b]efore the defendant's guilt may be inferred from his possession of certain property, the jury must first find from the evidence, and beyond a reasonable doubt that the property in the defendant's possession was the identical property stolen."

It is completely obvious that the instructions given could leave no juror in doubt that the state must prove that the articles in defendant's possession soon after the theft must be those articles stolen.

After instructing the jury that the inference arising from the possession of recently stolen property is one of fact and not of law and is strong or weak as the length of time elapsing between the stealing and the possession is short or long; that the inference is an inference to be considered by the jury merely as an evidentiary fact in determining whether the state has carried its burden of satisfying the jury beyond a reasonable doubt of defendant's guilt, the court charged the jury as follows:

> The duty to offer such explanation of his possession as is sufficient to raise in the minds of the jury a reasonable doubt that he stole the property or the burden of establishing a reasonable doubt as to his guilt is not placed on the defendant however recent the possession by him of the stolen goods may have been. The burden of establishing the defendant's guilt beyond a reasonable doubt remains upon the State at all stages of the trial. When the State proves to the jury beyond a reasonable doubt that there was a larceny, after the State has proved beyond a reasonable doubt from circumstantial evidence that there has been a felonious breaking or entering of the apartment of William J. Collins on said occasion with the intent to commit the crime of larceny and there has been a discovery of these stolen articles in the defendant's possession soon after the theft, this raises an inference of facts from which the jury may infer that the defendant was guilty of breaking or entering of the apartment of William J. Collins.

Further the court, in pointing out the three things which must be proved by the state beyond a reasonable doubt before the doctrine can apply, said:

> Second, that the defendant has possession of *these* or *this same* black and white TV and *this same* Emerson electric heater. (Emphasis supplied.)

This instruction comes from North Carolina Pattern Instructions Criminal 104.40. Additionally, the Supreme Court, in *State v. Jackson*, 274 N.C. 594, 597, 164 S.E. 2d 369 (1968), said:

> However, before the defendant's guilt on either count may be inferred from the defendant's unexplained possession of the money, the jury should have been required to find from the

evidence and beyond a reasonable doubt that the money in the defendant's possession was the identical money taken from the Steele home.

The Court awarded the defendant a new trial because "[t]he Court's charge failed to require the jury to find from the evidence and beyond a reasonable doubt that the bills found on the defendant were the *same* bills stolen from the Steele home." (Emphasis supplied.) See also *State v. Frazier,* 9 N.C. App. 44, 175 S.E. 2d 377 (1970); Webster's Third New International Dictionary (Unabridged). Merriam Webster (1968) defines "identical" as "being the same." We fail to perceive how defendant could possibly have been prejudiced by the court's refusal to adopt verbatim the instruction submitted by defendant. This assignment of error is overruled.

In the defendant's trial we find

No error.

Judges CLARK and WELLS concur.