STATE OF NORTH CAROLINA v. WILLIAM THOMAS POWELL

No. 8217SC785

(Filed 1 March 1983)

**1. Criminal Law § 81— best evidence rule—failure to offer tractors into evidence not error**

The best evidence rule did not require that the actual serial number inscription on four tractors be introduced since the owner's oral testimony as to the serial numbers was competent to establish the inscription numbers on the tractors. Further, defendant did not make a timely motion to inspect the tractors pursuant to G.S. 15A-903(d). G.S. 15A-902.

**2. Larceny § 7.4— possession of stolen property—sufficiency of evidence**

In a prosecution for felonious larceny of four tractors, defendant's evidence which tended to show that defendant did not possess the stolen property was for the jury to consider in light of the State's evidence which tended to show the defendant's guilt.

CERTIORARI to review *Walker, Judge.* Judgment entered 12 June 1980 in ROCKINGHAM County Superior Court. Heard in the Court of Appeals 7 February 1983.

Defendant, William Thomas Powell, was indicted and tried for the felonious larceny of four Massey-Ferguson tractors from Ashworth Tractor Company, Inc.

The State's evidence, in pertinent part, was as follows. Wayles Ashworth, the manager of Ashworth Tractor Company, testifed that on Saturday, 24 March 1979, there were twelve or fifteen Massey-Ferguson tractors lined up in front of Ashworth's Tractor Company in Eden, Rockingham County. Sunday, the next day, when Mr. Ashworth returned to the company, four new Model 245D Massey-Ferguson tractors were missing. Ashworth observed tractor tire impressions on a truck loading ramp and, leading up to the loading ramp, dual-wheel truck tracks which had not been there the day before. Ashworth next saw these tractors in September or October when they were delivered back to him by the Sheriff from Randolph County. The returned tractors had been used, but otherwise they matched the descriptions on the invoices which accompanied the tractors when they were purchased by Ashworth's company. The serial numbers on the invoices matched the numbers on the tractors except that some of the numbers on one of the tractors had been obliterated.

Jessie H. Pike and Benjamin H. Foust had business dealings with defendant for two or three years prior to 1979 in the purchase of hay, corn, pigs, cars and trucks. In January or February of 1979, defendant told Foust that he could get John Deere tractors with a value of $8,000.00 or $9,000.00, which might be damaged, for a price of $3,500.00. Foust later told defendant that he had sold his tractor and needed to have it replaced. On Saturday, March 24, around six or seven o'clock, defendant called Foust's home and told him that he would probably come that night with tractors. Around ten or ten-thirty that evening, defendant called Foust and stated that his truck had broken down and that he wanted Foust or Pike to come and pick up the tractors. Foust told defendant that he expected defendant to deliver the tractors. Defendant continued to call Pike and Foust, advising them where they could see the tractors on Sunday morning. Pike and Foust met defendant near Fayetteville at a truck stop on Sunday. There, defendant had four Massey-Ferguson tractors on a flat-bed trailer. Defendant agreed to sell all four tractors plus the trailer to Pike and Foust for $12,500.00 and that night he delivered the tractors to Foust's farm. Foust and Pike paid for the tractors, part in cash and part by check. Foust wrote the check, noting on it that it was in payment for pigs. Foust testified that he did not buy any pigs from defendant.

Robert Gray, captain of the Rockingham County Sheriff's Department, investigated the theft of the tractors. Gray corroborated Ashworth's testimony as to what the serial numbers and descriptions on the invoices were. Gray testified that on 20 October he found three model 245D Massey-Ferguson tractors on Foust's farm and that on 22 October Harold Ensley directed him to the location of a fourth tractor. The four tractors discovered by Gray met the description of the tractors that Ashworth testified were missing, except they had been used and the last two digits of the serial number on one of the tractors had been obliterated. The tractors recovered were removed to Ashworth Tractor Company.

Defendant's evidence tended to show that he was in and around Robeson County the entire weekend of 24 March. Defendant testifed that he had received a check from Foust on 26 March, but he said the check was payment for pigs which Foust bought from defendant and he introduced a bill of sale for pigs

which he said he had purchased for Foust. Defendant denied taking any tractors from Ashworth's Tractor Company.

The jury found defendant guilty of felonious larceny and the trial judge sentenced defendant to an active term of imprisonment. Defendant appealed. On the State's motion, Judge Smith ordered defendant's appeal dismissed for failure to timely perfect the appeal. Thereafter, this Court granted defendant's Petition for Writ of Certiorari on 4 May 1982.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General William B. Ray, for the State.*

*Bethea, Robinson, Moore & Sands, by Alexander P. Sands, III, for defendant.*

WELLS, Judge.

[1] In one of his assignments of error, defendant contends that the trial court erred in failing to require the State to offer the actual stolen property, the tractors, into evidence to establish the fact that the tractors recovered by the officers were the same tractors defendant allegedly stole. Defendant argues that the trial judge should have required the State to offer the actual stolen property, which had been recovered by the officers and returned to its rightful owner, into evidence because defendant had a right to inspect the tractors and because the State was required by the best evidence rule to offer the original "writing" in order to prove what the serial numbers on the tractors' identification plates were. We disagree with defendant and hold that the State was not required to offer the tractors into evidence.

While pursuant to G.S. 15A-903(d) defendant had a right to inspect the tractors because they were tangible objects obtained from defendant, the record does not show that defendant made a timely motion to assert this statutory right of discovery, as he must under G.S. 15A-902. Under these circumstances, defendant may not argue that he was denied his right to inspect the tractors by the mere failure of the State to offer them into evidence.

Witness Ashworth testified that the tractors that were recovered by the Sheriff's Department were the same tractors as were taken from the tractor company. Detective Gray testified, over defendant's general objection, as to what the serial numbers

State v. Powell

on the recovered tractors were. Defendant's contention that the best evidence rule required the State to offer the tractors into evidence because, as the original writings, they are the best evidence of what the serial numbers of the tractors are, presents the question of whether the best evidence rule applies to inscribed chattels. We hold that the best evidence rule did not require that the actual serial number inscription on the tractors be introduced, and that Ashworth's oral testimony as to the serial numbers was competent to establish the inscription of the serial numbers on the tractors. This assignment is overruled.

[2] In another of his assignments of error, defendant contends that there was insufficient evidence to establish that defendant ever possessed the tractors. Defendant argues that the State relied on the doctrine of recent possession and that this doctrine merely raised a "presumption" which defendant had rebutted. The inference that the person in possession of stolen goods is the thief arises upon proof beyond a reasonable doubt that the property described in the indictment was stolen, that the property which defendant possessed was the same property, and that the possession was recently after the larceny. *State v. Fair*, 291 N.C. 171, 229 S.E. 2d 189 (1976). Proof of these elements does not raise any presumption; the State has the burden of proving every element of larceny. *Id.* Proof of these requisite elements permits *an inference of fact* that the person found in possession of the property was the one who stole it. *Id.* Inferences are for the jury to draw. Defendant's evidence which tended to show that defendant did not possess the stolen property was for the jury to consider in light of the State's evidence which tended to show the defendant's guilt. The State's evidence was sufficient to support the jury's verdict. This assignment is overruled.

We have carefully examined defendant's other assignments of error and find them to be without merit.

Defendant received a fair trial, free of prejudicial error.

No error.

Chief Judge VAUGHN and Judge BRASWELL concur.