Manly, J.
 

 The principal point of the case is under the plea of justification, and upon the instructions given as to the presumption arising from the possession of a stolen article. The instructions are in clear accordance with the law. Possession of a stolen article raises a presumption of theft by the possessor, only in case such possession is so recent after the theft, as to show that the possessor could not well have come by it otherwise than by stealing it himself. In all other cases, the question is an open one, to be decided upon the whole testimony, and the fact of possession, in the latter class of cases-,• is of greater or less cogency according to the length of time intervening — the nature of the property and other circumstances. The difference is, that the recent possession, of which we speak, throws upon the accused the burden of explaining it, else he will be taken to be the thief. In other cases, there is no such conclusion, but the fact of possession is, with the other facts, left to the jury as evidence upon the question of guilt. Thus, we distinguish between evidence raising a presumption of guilt, and evidence tending to establish guilt.
 

 By adverting to the definition, which we have given of
 
 a recent possession,
 
 from which the presumption will be made, it will be at once, and clearly, seen, that the case before us does not admit of an application of the rule, and the Court very properly declined applying it.
 

 Other points made below, upon a rule for a new trial, are not sustained by the record, or by the Judge’s case. There was no evidence offered, or receive^ of the speaking of the words more than six months before me bringing of the action,
 
 *414
 
 and it was not necessary, therefore, for the Court to distinguish between the purposes, for which such evidence would be admissible, and the purposes for which it would not.
 

 So, in the second place, supposing the bridle to have been obtained from a negro, in the manner stated by the prosecutor, there was no evidence tending to show a felonious intent on the part of plaintiff at the time of obtaining it, and it would not have been proper, therefore, for the Court to base any instructions upon the hypothesis of such felonious intent.
 

 Whether such instruction were or were not asked for, then, is not material.
 

 There is no error, and the judgment should be affirmed.
 

 Per Curiam,
 

 Judgment affirmed.