## STATE v. JASPER TURNER.

(Filed 14 October, 1953.)

**1. Larceny § 1—**

   The cutting and removing of growing timber from the land of another with felonious intent constitutes larceny by virtue of G.S. 14-80, notwithstanding that the growing timber is realty.

**2. Larceny § 7—**

   Testimony that defendant was paid for dogwood delivered to a woodyard, without evidence that defendant actually delivered the wood, with further evidence that dogwood taken from the yard fitted stumps on prosecuting witness' land from which the wood had been wrongfully taken, *is held* insufficient to be submitted to the jury in a prosecution under G.S. 14-80, the evidence being insufficient to invoke the doctrine of recent possession against defendant, since the evidence does not disclose that defendant had been in possession of the wood.

APPEAL by defendant from *Sink, J.,* March Term, 1953, of HENDERSON. Reversed.

The defendant was convicted of larceny of wood. G.S. 14-80.

The bill of indictment charged that the defendant "did wilfully, unlawfully and feloniously enter upon the lands of B. H. Youngblood and did unlawfully, wilfully and feloniously take and carry off wood and timber of value of $200, commonly known as dogwood, growing and being on the property of B. H. Youngblood."

The State offered evidence tending to show that B. H. Youngblood missed some dogwood from his land in January, 1953, and again during the month of February. E. C. Blackwell testified he paid defendant for some dogwood in January. Four loads were delivered. "I paid him for 150 feet of dogwood down at the barn—I paid him by check in the evening. I was not at home when the dogwood was brought. I do not know of my own knowledge who brought the dogwood. I did not see him or anyone else unload the dogwood. I buy dogwood and it is a general business with me. At the time I paid the defendant I had 15 or 20 cords (on the yard) and paid the defendant for one cord. . . . I take raw dogwood and manufacture it there in the yard. . . . About 100 feet was brought when I was not there. This is nearly a cord. This was delivered when I was away from home. When I measure it I throw it in the general pile of 15 or 20 cords." This witness further testified that defendant did not say he delivered the dogwood, that he did not mention it; that witness simply paid him for 100 feet as result of what he had been told. The amount was less than $100. Defendant said he had been hauling some pulpwood. Some pieces of the dogwood taken from the dogwood at Blackwell's yard were compared with the stumps and wood

on Youngblood's land, and evidence was offered tending to show they were identical.

At the close of the State's evidence defendant moved for judgment of nonsuit. The motion was overruled, and the defendant excepted.·　··

There was verdict of guilty and from judgment thereon defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Gerald F. White, Member of Staff, for the State.*

*Paul K. Barnwell and W. R. Sheppard for defendant, appellant.*

DEVIN, C. J.   An examination of the record in this case leads us to the conclusion that the evidence offered by the State was insufficient to warrant conviction, and that the motion for nonsuit should have been allowed.

Trees and growth standing and being on land are real property and at common law were not the subject of larceny. *S. v. Jackson,* 218 N.C. 373, 11 S.E. 2d 149.   To prevent the wrongful and unlawful cutting and carrying away of wood from the lands of another by one not the owner or *bona fide* claimant thereof the statute now codified as G.S. 14-80 was enacted.   This statute makes it a criminal offense unlawfully to enter upon the lands of another and carry off wood growing and being thereon, and provides that if this be done with felonious intent the offender shall be guilty of larceny and punished accordingly, and if not done with such intent he shall be guilty of a misdemeanor.

There was here no evidence that the defendant Jasper Turner had been upon the lands of Mr. Youngblood or cut and removed any dogwood therefrom.   However, the State relies for conviction upon the application to the facts here of the doctrine of recent possession as stated in *S. v. Holbrook,* 223 N.C. 622, 27 S.E. 2d 725, and *S. v. Weinstein,* 224 N.C. 645, 31 S.E. 2d 920.   But if it be conceded that there was evidence tending to show that some of the dogwood on Blackwell's yard had been cut from Youngblood's land, the evidence does not fix the defendant with possession thereof.   According to Blackwell's testimony the only connection of the defendant therewith was that this witness gave him a check for 100 feet of dogwood as result of what somebody told him.   The record does not disclose that the defendant said anything as to the delivery of the dogwood from which the samples were taken for comparison, or that he admitted he had delivered any dogwood.   Apparently there was no conversation about the check Blackwell gave him.   The witness recalled that the defendant made some reference to hauling pulpwood, but this did not relate to the charge of stealing dogwood.   We think the evidence was inconclusive, and that the motion for judgment as of nonsuit should have been allowed.

Judgment reversed.