STATE OF NORTH CAROLINA v. ARTHUR JACKSON, ALIAS HARVEY
MILLS

No. 575

(Filed 11 December 1968)

1. **Burglary and Unlawful Breakings § 5; Larceny § 7—— sufficiency of evidence — "recent possession" doctrine**

   In a prosecution upon indictment charging burglary in the first degree and felonious larceny, the State consenting to reduce the charge of first-degree burglary to felonious breaking and entering, defendant's motion for nonsuit is properly overruled when the State offers evidence that the amount and denominations of the bills found on the defendant within a few minutes after the time of the offenses were identical to the amount and denominations of the bills taken from the pocketbook of the prosecuting witness' daughter, together with testimony of the prosecuting witness identifying defendant as the person he saw in his bedroom at 2:30 in the morning going through his daughter's pocketbook.

2. **Burglary and Unlawful Breakings § 6; Larceny § 8—— "recent possession" doctrine — instructions**

   In prosecution on two-count indictment charging that defendant burglariously entered a dwelling house for the purpose of committing the felony of larceny and that he feloniously stole the sum of $17.00, before

defendant's guilt may be inferred from his unexplained possession of the money, the trial court must instruct the jury to find from the evidence and beyond a reasonable doubt that the money in defendant's possession was the identical money taken from the dwelling, and its failure so to instruct is error.

**3. Larceny § 5— presumption from recent possession of stolen property**

Evidence or inference of guilt arising from the unexplained possession of recently stolen property is strong, or weak, or fades out entirely, on the basis of the time interval between the theft and the possession.

**4. Larceny § 5— presumption arising from recent possession of stolen property**

In order for the inference or presumption of guilt resulting from the possession of stolen property to arise, the possession, in point of time, should be so close to the theft as to render it unlikely that the possessor could have acquired the property honestly.

APPEAL by defendant from *McConnell, J.,* May 1, 1967 Criminal Session, ROWAN Superior Court.

The defendant, Arthur Jackson, alias Harvey Mills, was indicted in a two count bill which charged that the defendant (1) burglariously entered the dwelling house of Van and Helen Steele, in the nighttime, for the purpose of committing the felony of larceny, and (2) feloniously stole the sum of $17.00, the property of Brenda Steele. The defendant, upon arraignment, was found to be indigent. The Court appointed counsel. "Before the case was submitted to the jury the State agreed to reduce the charge from first degree burglary to felonious breaking and entering."

The State's evidence tended to show that Van Steele, at about 2:30 a.m. on January 3 [sic], 1967, was awakened and saw, by the light from an adjoining room, a colored male whom he later identified as the defendant in his bedroom "rambling through my daughter's pocketbook." The breaking had been effected by cutting the screen door to the porch and by opening the closed back door to the house.

Brenda Steele testified that her pocketbook was left in the bedroom and that in the wallet "I had a five dollar bill, and . . . a ten dollar bill, and two one dollar bills". Those four bills were stolen. The $17.00 was not folded, ". . . it was just in there straight". Mr. Steele immediately notified the police, giving a description of the man whom he had seen in his bedroom.

Officer Clark, within a few minutes after he was called to the Steele home, obtained a description of the intruder, and arrested

the defendant, Arthur Jackson, alias Harvey Mills. Officer Clark testified: "(A)nd when I circled the block (in which the Steele's lived), I ran up on Arthur Jackson, or Harvey Mills. . . ." The officer further testified, as an incident to the arrest he searched the defendant. ". . . The first packet I opened up had a ten, a five, and two ones, and that was folded. . . ." He had money in other pockets.

Mr. Steele testified the defendant was the man he saw in his bedroom. The defendant did not offer evidence. The jury returned verdicts of guilty. From the concurrent sentences of 8 to 10 years for housebreaking and 5 to 10 years for larceny, the defendant appealed. The Court signed an order allowing the appeal *in forma pauperis* and appointed counsel to perfect the appeal. The record shows the solicitor accepted service of the case on appeal on the 26th day of July, 1968, and agreed thereto.

*T. W. Bruton, Attorney General, Harry W. McGalliard, Deputy Attorney General for the State.*

*John H. Rennick for the defendant.*

HIGGINS, J.

The Court's charge contained the following:

> "As recent possession of stolen goods is evidence that the defendant committed the larceny, it may also be evidence that the larceny was committed in the house by the person who broke and entered it. Proof of possession by the defendant shortly after the breaking and entering, that is, possession of the goods alleged to have been stolen, is to be considered by the jury; and, if unexplained, and if breaking and entered by someone is shown, it will be sufficient when accompanied by other circumstances tending to connect him with the commission of the offense to warrant conviction, although the other evidence might not alone be sufficient. In other words, where recent possession of stolen property is considered relevant, it raises a presumption of the breaking and entry and of larceny, and the presumption is stronger or weaker depending upon the time which has elapsed since the property was stolen, when the property was stolen."

[1] The denomination of the bills found on the defendant, and Mr. Steele's evidence with respect to his identity, were sufficient to go to the jury on both counts in the indictment. *State v. Allison,*

265 N.C. 512, 144 S.E. 2d 578; *State v. Lambert,* 196 N.C. 524, 146 S.E. 2d 139; *State v. Williams,* 187 N.C. 492, 122 S.E. 13.

[2-4]    However, before the defendant's guilt on either count may be inferred from the defendant's unexplained possession of the money, the jury should have been required to find from the evidence and beyond a reasonable doubt that the money in the defendant's possession was the identical money taken from the Steele home. Evidence or inference of guilt arising from the unexplained possession of recently stolen property is strong, or weak, or fades out entirely, on the basis of the time interval between the theft and the possession. The inference arising from the possession of recently stolen property is described as "the recent possession doctrine". Possession may be recent, but the theft may have occurred long before. In that event, no inference of guilt whatever arises. Actually, the possession of *recently stolen goods* gives rise to the inference. The possession, in point of time, should be so close to the theft as to render it unlikely that the possessor could have acquired the property honestly. *State v. Foster,* 268 N.C. 480, 151 S.E. 2d 62; *State v. Jones,* 227 N.C. 47, 40 S.E. 2d 458; *State v. Patterson,* 78 N.C. 470; *State v. Kent,* 65 N.C. 311.

[2]    The Court's charge failed to require the jury to find from the evidence and beyond a reasonable doubt that the bills found on the defendant were the same bills stolen from the Steele home. If so found, the inference of guilt applied to the theft and likewise to the breaking and entering which was necessary to enable a thief to gain access to the property. *State v. Jones, supra; State v. Neill,* 244 N.C. 252, 93 S.E. 2d 155; *State v. Hullen,* 133 N.C. 656, 45 S.E. 513. The Judge committed error in failing to charge the presumption or inference does not apply until the identity of the property is established.

The defendant's counsel, appointed to perfect the appeal, was without experience in criminal procedure. After notice of appeal was given, however, he made inquiries of the Clerk of this Court and the Attorney General with respect to the preparation and service of the case on appeal and the time the appeal was due in the Supreme Court. The case on appeal was filed here long after it was due. However, the Attorney General has seen fit to file a brief and has failed to move that the appeal be dismissed for failure to docket in time. We have, however, treated counsel's inquiries as a petition for certiorari. We have allowed the petition and considered the appeal on its merits. The trial was held, judgment was entered, and notice

of appeal was given prior to October 1, 1967, and hence to be considered here rather than in the North Carolina Court of Appeals.

For the failure of the Judge to require the State to carry the burden of showing the identity of the stolen property, the defendant is entitled to a

New trial.