STATE OF NORTH CAROLINA v. ARTHUR JACKSON, ALIAS
HARVEY MILLS

No. 7019SC147

(Filed 25 February 1970)

1. **Criminal Law §§ 156, 157— necessary parts of record — order allowing certiorari**

   Where the record did not contain the order of the Court of Appeals allowing defendant's petition for writ of *certiorari*, or any reference thereto, the case is subject to dismissal.

2. **Criminal Law § 178— law of the case — nonsuit issue**

   Decision of the Supreme Court on a prior appeal of defendant's larceny conviction was conclusive on the issue of nonsuit in his appeal of the retrial to the Court of Appeals.

3. **Burglary and Unlawful Breakings § 6; Larceny § 8; Criminal Law § 168— instructions on recent possession — retrial — prejudicial error**

   Where the trial court in the original larceny and burglary prosecution committed reversible error in its instruction on the presumption of guilt arising from the unexplained possession of recently stolen property, failure of the court on retrial to charge on the presumption could not be prejudicial to defendant, the court having eliminated any possibility of error.

ON certiorari to the Superior Court of ROWAN County to review trial before *Crissman, J.,* 5 May 1969 Session.

The defendant was charged in a proper two-count bill of indictment with burglary in the first degree and felonious larceny. Upon the call of the case for trial at the 5 May 1969 Criminal Session of Superior Court of Rowan County, the Solicitor on behalf of the State announced that the defendant would not be tried on the capital offense, but would be tried for felonious breaking and entering and larceny. To the charge the defendant entered a plea of not guilty. The case was submitted to a jury on the State's evidence, as the defendant elected to introduce no evidence. The jury returned a verdict of guilty as charged, and the court entered a judgment confining the defendant in the State's Prison for not less than 8 nor more than 10 years on the count of felonious breaking and entering with intent to commit larceny, and not less than 5 nor more than 7 years on the count of larceny.

The defendant appealed for errors alleged to have been committed in the trial.

*Attorney General Robert Morgan by Staff Attorney James L. Blackburn for the State.*

*Herman L. Taylor for defendant appellant.*

CAMPBELL, J.

[1]    Time for filing the appeal expired, and the defendant duly petitioned this Court for a writ of certiorari, which was allowed. The record fails to contain the order allowing the certiorari or any reference thereto, and for failure to submit the complete record, this case is subject to being dismissed.

The evidence on behalf of the State was substantially the same as in the previous trial of this defendant. The defendant had been tried previously for the same offense at the 1 May 1967 Criminal Session of the Rowan Superior Court; and for error in the charge of the court on that trial, a new trial was granted. *State v. Jackson,* 274 N.C. 594, 164 S.E. 2d 369 (1968). Since the facts are set out in that case, it is unnecessary to repeat the factual situation.

[2]    In this trial the defendant asserts that there was error in the failure of the court to sustain the defendant's motion for judgment of nonsuit on the charge of larceny. The decision of the Supreme Court in *State v. Jackson, supra,* is conclusive in regard to this assignment of error when the court stated in that decision:

"The denomination of the bills found on the defendant, and Mr. Steele's evidence with respect to his identity, were sufficient to go to the jury on both counts in the indictment."

This assignment of error is indeed frivolous.

The defendant next asserts that the trial judge committed error in the charge to the jury as to the applicable law pertaining to larceny. We have carefully read the charge of the trial court to the jury, and it was fair and completely adequate as to the law involved in the crime of larceny.

[3] The defendant makes a most novel argument in that he assigns as error the failure of the trial court to charge with regard to the inference of guilt arising from the unexplained possession of recently stolen property. The application of this principle was the error in the previous trial of this defendant as pointed out by the Supreme Court in State v. Jackson, supra. This time the trial judge did not charge with regard to any inference of guilt arising from the unexplained possession of recently stolen property and thereby completely avoided any error in this regard. It is novel, to say the least, but certainly unsound, to argue that by thus eliminating a possible error, the defendant has been prejudiced.

We have carefully reviewed the record in this case and find no prejudicial error.

No error.

PARKER and HEDRICK, JJ., concur.