State v. Frazier

---

STATE OF NORTH CAROLINA v. GREGORY FRAZIER

No. 708SC373

(Filed 15 July 1970)

1. **Burglary and Unlawful Breakings § 6; Larceny § 8— "recent possession" doctrine — identity of goods stolen — instructions**

   In prosecutions for felonious breaking and entering and for larceny, the trial court's instruction on the inference of guilt arising from possession of recently stolen property was prejudicially erroneous in failing to require the jury to find that the watches found on defendant's person and the clocks and other property found in his residence were the same watches, clocks, and property stolen from a building supply company.

2. **Larceny § 5— inference arising from possession of recently stolen property — identity of property**

   The inference of guilt arising from the possession of recently stolen property does not apply until the identity of the property is established.

APPEAL by defendant from *Burgwyn, J.*, 15 December 1969 Special Criminal Session of LENOIR Superior Court.

Defendant was tried upon his plea of not guilty to a bill of indictment charging him with the crimes of felonious breaking and entering, larceny, and receiving. The State presented the testimony of the manager of Kinston Building Supply Company, who testified that on the morning of 4 November 1969 he found that the store premises had been broken into and certain articles of personal property, including a number of watches and clocks, had been removed. The State also presented the testimony of a police officer who testified that at approximately 3:00 p.m. on the same date he had arrested the defendant for larceny of the watches, and upon searching him, found nine watches on his person. The officer also testified that he had subsequently searched defendant's house with defendant's permission, and had discovered clocks under a couch in the living room and other articles of personal property similar to those which had been removed from the premises of Kinston Building Supply Company elsewhere in the house. The officer also testified that he had questioned the defendant after warning him of his constitutional rights, and that the defendant had at first stated that he had found the watches in a bag beside the railroad track, but that subsequently defendant had admitted that he had broken into the Kinston Building Supply Company and had taken the watches and clocks therefrom.

Defendant, testifying in his own defense, denied the breaking and entering and larceny, and testified that the watches and clocks had been delivered to him by two friends, who had asked him to sell them for them. He admitted that he had confessed to the officer, but stated he did so only because he became angry at being accused of other offenses.

The jury found defendant guilty of breaking and entering and larceny, and from judgment on the verdict imposing active prison sentence of not less than five nor more than seven years, defendant appealed.

*Attorney General Robert Morgan and Trial Attorneys Charles M. Hensey and Claude W. Harris for the State.*

*F. Fred Cheek, Jr., for defendant appellant.*

PARKER, J.

[1, 2] The court's charge contained an instruction on the inference of guilt arising from possession of recently stolen

property. In this connection the court failed to require the jury to find from the evidence and beyond a reasonable doubt that the watches found on defendant's person and the clocks and other property found in his residence were the same watches, clocks and property stolen from the premises of Kinston Building Supply Company. The inference of guilt arising from the possession of recently stolen property does not apply until the identity of the property is established. *State v. Jackson,* 274 N.C. 594, 164 S.E. 2d 369.

While there was ample evidence in this case from which the jury could have found the identity of the property involved, for the failure of the judge to require the State to carry the burden of showing the identity of the stolen property, the defendant is entitled to a

New trial.

CAMPBELL and VAUGHN, JJ., concur.