STATE OF NORTH CAROLINA v. JAMES CLIFTON TUCKER

No. 727SC80

(Filed 24 May 1972)

1. Larceny § 8— recent possession doctrine — instructions — identity of the property

In this prosecution for larceny of a tractor, the trial court adequately instructed the jury on the principle that the inference of guilt arising from the possession of recently stolen property does not arise until the jury finds from the evidence and beyond a reasonable doubt that the property found in defendant's possession was the same property that had been stolen, where the court instructed the jury that in order to find defendant guilty of larceny it must find beyond a reasonable doubt that defendant "took and carried away a Ford Tractor Model 2000, being the property of North Hills Construction Company."

2. Larceny § 5— recent possession doctrine

The possession of recently stolen property is only an evidentiary circumstance to be considered by the jury along with all other circumstances.

3. Larceny § 5— recent possession doctrine

The presumption arising from the possession of recently stolen property did not shift the burden of proof to the defendant, or deprive him of the benefit of the presumption of innocence or of the rule requiring proof of his guilt beyond a reasonable doubt.

APPEAL by defendant from Cowper, Judge, 23 August 1971 Session of Superior Court held in WILSON County.

The defendant, James Clifton Tucker, was charged in a bill of indictment, proper in form, with felonious larceny.

Upon the defendant's plea of not guilty, the State offered evidence tending to show that a 1970 Ford-2000 tractor, color-blue, and bearing model # B1022B and serial # C271288, valued at over $3,000.00, was removed from a Wilson construction site on 10 December 1970 and that North Hills, Inc., owner of the tractor, had not given permission for its removal from the site. Bill Cox, Vice President of North Hills, Inc., testified that the stolen tractor was returned by Wake County deputies and that he identified it by serial and model number which corresponded to the numbers on the tractor which was taken. A farmer, Sherwood Holt, stated that he bought the tractor returned to North Hills, Inc., for $1,500 from a man, dressed in coveralls and driving a white Chevrolet truck, on 11 December 1970. Mr. Holt

made an in-court identification that defendant was the man from whom he had purchased the tractor.

Defendant offered evidence through his wife and son that defendant did not own a pair of coveralls and that he owned a navy blue Chevrolet truck.

The jury found the defendant guilty of felonious larceny, and from a judgment of imprisonment of eight years, the defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Weathers, for the State.*

*Lucas, Rand, Rose, Meyer, Jones & Orcutt, by William R. Rand, for defendant.*

BROCK, Judge.

Defendant's only assignment of error brought forward in his brief relates to the charge of the Court upon the presumption arising from the possession of recently stolen property. Defendant does not contend that the trial judge should not have instructed the jury on the doctrine. Clearly the conditions set out for the application of the doctrine of possession of recently stolen property in *State v. Foster*, 268 N.C. 480, 151 S.E. 2d 62, are met in the present case, where there was sufficient evidence to meet the conditions and to show that the tractor had been recently stolen from the Wilson construction site. In this case, the presumption arising from the possession of recently stolen property was properly applied, because there was evidence of an unlawful taking coupled with the unequivocal identification of the stolen property as being the tractor in defendant's possession.

[1] Defendant argues that it was prejudicial error for the trial judge to fail to instruct the jury that before any presumption arises by reason of defendant's possession of the tractor they must find from the evidence and beyond a reasonable doubt it was *the same tractor* stolen from North Hills, Inc. In support of this argument, defendant cites and relies on *State v. Frazier*, 9 N.C. App. 44, 175 S.E. 2d 377, and *State v. Jackson*, 274 N.C. 594, 164 S.E. 2d 369, which he contends require such a charge in every case involving possession of recently stolen property. We agree with the general principle of defendant's argument,

but do not agree that the particular words advanced by defendant need be used. In this case we think the trial judge has adequately instructed the jury upon the principle.

[2] The doctrine of possession of recently stolen goods as recognized by our Courts affords evidence that the possessor is guilty of larceny. It is only an evidentiary circumstance to be considered by the jury along with all other circumstances. *State v. Foster, supra; State v. Allison,* 265 N.C. 512, 144 S.E. 2d 578. Here there is ample, cogent evidence identifying the tractor found in defendant's possession as the identical property stolen and the tractor is a type of property which was readily identifiable by make, model, and serial number. The trial judge clearly instructed the jury that in order to find defendant guilty of larceny they must be satisfied beyond a reasonable doubt that defendant "took and carried away a Ford Tractor Model 2000, being the property of North Hills Construction Company. . . ."

[3] The presumption arising from the possession of recently stolen property did not shift the burden of proof to the defendant, or deprive him of the benefit of the presumption of his innocence or of the rule requiring proof of his guilt beyond a reasonable doubt. The defendant's assignment of error is overruled.

No error.

Chief Judge MALLARD and Judge CAMPBELL concur.