STATE OF NORTH CAROLINA v. MARVIN LEON STEWART

No. 7221SC556

(Filed 2 August 1972)

1. Criminal Law § 113— evidence of alibi — failure to charge jury on alibi — prejudicial error

   Since defendant presented evidence tending to show that he was elsewhere at all times when the alleged larceny took place, the trial judge erred in not instructing the jury on the doctrine of alibi, as such instruction is required without the necessity of defendant tendering a special prayer therefor when evidence of alibi is offered.

2. Larceny § 8— possession of recently stolen property — prejudicial error in charge

   The trial judge's instruction to the jury on the doctrine of "recent possession of stolen property" rather than "possession of recently stolen property" was error where such charge not only was confusing but also was open to interpretation that the burden was on defendant to rebut the presumption of his guilt.

DEFENDANT appealed from *Gambill, Judge,* 3 January 1972 Session of Superior Court held in FORSYTH County.

The defendant was charged in a bill of indictment in proper form with felonious larceny on the 5th day of August 1971 of a 1967 dark blue Chevelle Super Sport automobile of the value of $1,500 belonging to Clifton Lee Burke. There were two other counts in the bill of indictment, but since they were dismissed, they are no longer pertinent to this case. To the charge the defendant entered a plea of not guilty. The jury returned a verdict of guilty; and from a judgment imposing a prison sentence not less than two nor more than four years in the State Department of Corrections, the defendant appealed.

*Attorney General Robert Morgan by Assistant Attorneys General William W. Melvin and William B. Ray for the State.*

*White and Crumpler by G. Edgar Parker for defendant appellant.*

CAMPBELL, Judge.

The evidence on behalf of the State tended to show that Clifton Lee Burke owned a 1967 blue Chevelle Super Sport automobile on 5 August 1971. On that day Burke drove his automobile to his place of employment with Piedmont Airlines at

the Winston-Salem Airport. He went to work at approximately 6:50 a.m. and when he left work about 4:00 p.m. he found his automobile missing from the parking lot. On 1 September 1971 the defendant was found in possession of the automobile and claimed ownership thereof. There was conflicting evidence as to the identity of the automobile but suffice it to say that the evidence was ample to go to the jury for a decision.

[1] Among other things, the defendant claimed that on 5 August 1971 when the automobile was taken from the parking lot at the airport he was elsewhere. The defendant accounted for his whereabouts, and his evidence tended to show that he was elsewhere at all times when Burke claimed that his automobile had been taken. The defendant asserts that his evidence was sufficient to require an instruction by the trial court on the doctrine of an alibi. The trial judge did not give any instructions to the jury pertaining to the defendant's defense of an alibi. This failure on the part of the trial judge to so instruct the jury has been properly assigned as error.

When evidence on behalf of the defendant in a criminal case presents the defense of an alibi, it is incumbent upon the trial judge to instruct the jury pertaining to the defense without the necessity of the defendant tendering a special prayer to that effect. The trial judge in the instant case did not do so, and this assignment of error is sustained.

[2] The trial judge instructed the jury with regard to what the trial judge referred to as the doctrine of recent possession of stolen property. This is a misnomer, and frequently leads to error. The correct expression is, "possession of recently stolen property." *State v. Jackson,* 274 N.C. 594, 164 S.E. 2d 369 (1968). The charge in the instant case was as follows:

"Now, ladies and gentlemen of the jury, the State, in this case, is relying on what, in law, is known as recent possession. Under the law, where it is established, that is, where you find beyond a reasonable doubt that somebody stole the automobile as charged in the bill of indictment that a larceny of an automobile as charged in the bill of indictment has been established beyond a reasonable doubt, that there was a larceny of an automobile by someone from Burke on this occasion; that is, on August fifth, 1971, recent possession of the stolen property is very generally considered a relevant circumstance tending to estab-

State v. Stewart

lish guilt. This presumption is a circumstance for your consideration bearing upon the question of the defendant's guilt, the rule being that such presumption is stronger or weaker as the possession is more or less recent or remote, and the weight you will give such presumption is a matter entirely for you.

And, when the possession is so recent as to make it extremely probable that the holder is the thief, that he probably could not have had possession at that time unless he had stolen it himself, there is a presumption justifying, and in the absence of some explanation, perhaps requiring a conviction.

But, while the recent possession of stolen goods may be of such character as to raise the presumption of guilt on the part of the holder. It is never a presumption of law in the strict sense of the term, shutting out all of the evidence to the contrary, but it is always a presumption of fact open to explanation, and when there are facts in evidence which would afford a reasonable explanation of such possession consistent with the defendant's innocence, and which, if accepted, do explain such satisfactorily, the correct rule does not require the defendant to satisfy the jury that his evidence and explanation is true. But, in such case if the testimony offered in explanation raises a reasonable doubt of guilt, the defendant is entitled to an acquittal."

A similar charge was held to be error in the case of *State v. Hayes,* 273 N.C. 712, 161 S.E. 2d 185 (1968). This case points out that such a charge "is not only confusing but is open to interpretation that the burden was on defendant to rebut the presumption of his guilt."

For errors in the charge defendant is entitled to a

New trial.

Chief Judge MALLARD and Judge BRITT concur.