STATE OF NORTH CAROLINA v. JOHN DEAN HAMLET

No. 437A85

(Filed 18 February 1986)

**Burglary and Unlawful Breakings § 5.4— possession of stolen property not recent**

> The State failed to show that possession of stolen property by defendant was so recent as to support a presumption of his guilt of breaking or entering and larceny where the evidence showed a time interval of approximately thirty days between the time the theft was discovered and the property was found in defendant's possession, and the stolen articles — a television set, towels, linens and a fan — were of the type of property normally and frequently traded in lawful channels.

> Justice MARTIN dissenting.

APPEAL by defendant pursuant to N.C.G.S. § 7A-30(2) from a decision of the Court of Appeals (*Wells, J., Whichard, J.*, concurring, and *Becton, J.*, dissenting) finding no error in the trial before *Howell, J.*, at the 23 January 1984 Criminal Session of CALDWELL County Superior Court.

Defendant was charged in an indictment, proper in form, with felonious breaking or entering, felonious larceny, and felonious possession of stolen goods belonging to Carl Leroy Dill.

At trial, the State offered evidence tending to show that at about 7:00 p.m. on 16 May 1983 defendant was stopped by Officer Hutchins of the Caldwell County Sheriff's Department as he drove an automobile belonging to the wife of Jerry Johnson into his driveway. Mr. Johnson, a passenger in the car, was immediately arrested on a matter unrelated to the charges in this case. At the time of the arrest, Officer Hutchins observed a large console TV in the trunk of the car as well as towels, linens and a fan in the passenger area of the automobile. He noticed that a fiberglass piece around the headlight of the vehicle had been broken. Thereafter, a piece of fiberglass found at the scene of the breaking or entering was "matched" with the broken fiberglass of the vehicle driven by defendant. Upon the officer's inquiry as to the ownership of the personal property, defendant stated that it was his property and that he was just moving in. As he was leaving the scene, Officer Hutchins saw defendant carrying the personal property from the automobile into his trailer. On 17 May 1983 defendant sold a television which was later identified as the

television taken from Mr. Carl Leroy Dill's cabin. On 18 May 1983 Mr. Dill discovered that his cabin had been broken into and that his television, a rotor and booster, an old wagon wheel and linens had been taken from his cabin. At trial Mr. Dill testified that he last visited his cabin about a month before discovering the breaking and entry and that all the missing items were in the cabin at that time.

Defendant testified and denied that he had ever been on Mr. Dill's property. He stated that he first saw the television set on 16 May 1983 at about 4:30 p.m. in the trunk of Mrs. Johnson's automobile. At that time Jerry Johnson requested that defendant drive him across town and he agreed to do so. Upon their return to defendant's dwelling, Officer Hutchins stopped them and arrested Johnson. Defendant further stated that he sold the TV to a Mr. Hamby and that he only admitted to the police officers that it was his property because he was "asked to say that."

Defendant also offered other witnesses who gave testimony tending to corroborate his statement that on 16 May 1983 Jerry Johnson drove his wife's automobile into defendant's driveway with a television in the trunk of that automobile.

The jury returned verdicts of guilty on all three charged offenses. Judge Howell arrested judgment on the verdict of guilty of possession of stolen property. He then imposed a sentence of ten years' imprisonment on the verdict of guilty of felonious breaking or entering and a consecutive five-year sentence on the verdict of guilty of felonious larceny.

*Lacy H. Thornburg, Attorney General, by Archie W. Anders, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Acting Appellate Defender, for defendant-appellant.*

BRANCH, Chief Justice.

The sole question presented by this appeal is whether the Court of Appeals erred in holding that the doctrine of recent possession supported the convictions of felonious breaking or entering and larceny. We recognize that defendant has not complied with Rule 10(b)(3). However, pursuant to our Rule 2, we

elect to consider his contention as to the insufficiency of the evidence.

In instant case there was no direct evidence to support defendant's conviction of breaking or entering and larceny. Consequently, the State relied solely on the doctrine of recent possession to carry the case to the jury.

This Court has long warned that in a criminal case presumptive evidence must be viewed with caution. In *State v. Adams*, 2 N.C. (1 Hayw.) 464 (1797), we find this language:

> When a horse is stolen, and is found in possession of a man at such a distance from the place where the horse was missing in so short a time after as shows he must have come directly from that place, and without any loss of time, that is such evidence as a jury may infer the guilt of the prisoner upon, as it raises a violent presumption against him that he was the taker. It is, however, not conclusive. Any circumstance inducing a probability that the prisoner may have gotten him honestly will render it improper for a jury to convict. The case in Hale, where a thief was pursued, finding himself pressed, got down, desiring a man in the road to hold his horse till he returned, and the innocent man was taken with the horse, proves how necessary it is to use caution in convictions founded upon presumptive testimony.

*Id.* at 464.

The purpose of the recency requirement is to determine whether the accused's possession of stolen property is sufficiently short under the circumstances of the case to rule out the possibility of a transfer of the stolen property from the thief to an innocent party. The possession must be so recent after the breaking or entering and larceny as to show that the possessor could not have reasonably come by it, except by stealing it himself or by his concurrence. *State v. Weinstein*, 224 N.C. 645, 31 S.E. 2d 920 (1944), *cert. denied*, 324 U.S. 849, 89 L.Ed. 1410 (1945); *Gregory v. Richards*, 53 N.C. (8 Jones) 410 (1861). Annot. "What Is 'Recently' Stolen Property," 89 A.L.R. 3rd 1202, 1212 (1979). Although the passage of time between the theft and the discovery of the property in a person's possession is a prime consideration in establishing whether property has recently been stolen, our

North Carolina Courts have also recognized that the nature of the property is a factor in determining whether the recency is sufficient to raise a presumption of guilt. Thus, if the stolen property is of a type normally and frequently traded in lawful channels, a relatively brief time interval between the theft and the finding of an accused in possession is sufficient to preclude an inference of guilt from arising. Conversely, when the article is of a type not normally or frequently traded in lawful channels, then the inference of guilt may arise after the passage of a longer period of time between the larceny of the goods and the finding of the goods in the accused's possession. *State v. McRae*, 120 N.C. 608, 27 S.E. 78 (1897); *State v. Blackmon*, 6 N.C. App. 66, 169 S.E. 2d 472 (1969). Annot. "What Is 'Recently' Stolen Property," 89 A.L.R. 3rd 1202, 1213 (1979).

The doctrine of recent possession is well stated in *State v. Maines*, 301 N.C. 669, 273 S.E. 2d 289 (1981). There, Justice Huskins, for a unanimous Court, in part wrote:

> The State relies, as indeed it must in this case, on the doctrine of recent possesson (sic). That doctrine is simply a rule of law that, upon an indictment for larceny, possession of recently stolen property raises a presumption of the possessor's guilt of the larceny of such property. *State v. Bell*, 270 N.C. 25, 153 S.E. 2d 741 (1967); *State v. Allison*, 265 N.C. 512, 144 S.E. 2d 578 (1965). The presumption is strong or weak depending upon the circumstances of the case and the length of time intervening between the larceny of the goods and the discovery of them in defendant's possession. *State v. Williams*, 219 N.C. 365, 13 S.E. 2d 617 (1941). Furthermore, when there is sufficient evidence that a building has been broken into and entered and thereby the property in question has been stolen, the possession of such stolen property recently after the larceny raises presumptions that the possessor is guilty of the larceny and also of the breaking and entering. *State v. Lewis*, 281 N.C. 564, 189 S.E. 2d 216, *cert. denied* 409 U.S. 1046, 34 L.Ed. 2d 498, 93 S.Ct. 547 (1972). The presumption or inference arising from recent possession of stolen property 'is to be considered by the jury merely as an evidential fact, along with the other evidence in the case, in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of

the defendant's guilt.' *State v. Baker*, 213 N.C. 524, 526, 196 S.E. 829, 830 (1938); *accord, State v. Greene*, 289 N.C. 578, 223 S.E. 2d 365 (1976).

Proof of a defendant's recent possession of stolen property, standing alone, does not shift the burden of proof to the defendant. That burden remains on the State to demonstrate defendant's guilt beyond a reasonable doubt. *State v. Baker, supra.* In order to invoke the presumption that the possessor is the thief, the State must prove beyond a reasonable doubt each fact necessary to give rise to the inference or presumption. When the doctrine of recent possession applies in a particular case, it suffices to repel a motion for nonsuit and defendant's guilt or innocence becomes a jury question.

In summary then, the presumption spawned by possession of recently stolen property arises when, and only when, the State shows beyond a reasonable doubt: (1) the property described in the indictment was stolen; (2) the stolen goods were found in defendant's custody and subject to his control and disposition to the exclusion of others though not necessarily found in defendant's hands or on his person so long as he had the power and intent to control the goods; *State v. Eppley*, 282 N.C. 249, 192 S.E. 2d 441 (1972); *State v. Foster*, 268 N.C. 480, 151 S.E. 2d 62 (1966); *State v. Turner*, 238 N.C. 411, 77 S.E. 2d 782 (1953); *State v. Epps*, 223 N.C. 741, 38 S.E. 2d 219 (1943); and (3) the possession was recently after the larceny, mere possession of stolen property being insufficient to raise a presumption of guilty. *State v. Jackson*, 274 N.C. 594, 164 S.E. 2d 369 (1968).

, *Id.* at 673-74, 273 S.E. 2d at 293.

In instant case, the State has shown beyond a reasonable doubt that the property described in the bill of indictment was stolen and that the stolen goods were found in defendant's custody and subject to his control and disposition. However, there remains the question of whether defendant's possession was recently after the breaking or entering and larceny. We note that the stolen articles are of the type of property normally and frequently traded in lawful channels and that the evidence shows a time interval of approximately thirty days between the time the theft was discovered and the property found in defendant's possession.

We hold, therefore, that under the circumstances of this case the State has failed to show that possession of the property by defendant was so recent as to support a presumption of guilt of breaking or entering and larceny. Thus, nonsuit was appropriate and the decision of the Court of Appeals finding no error in the trial judge's denial of defendant's motion to dismiss is

Reversed.

Justice MARTIN dissenting.

Whether the doctrine of possession of recently stolen property is sufficient to repel a motion for nonsuit must be determined on the facts and circumstances of each case. *State v. Blackmon*, 6 N.C. App. 66, 169 S.E. 2d 472 (1969). Here, the evidence in the light most favorable to the state discloses: Mr. Dill's property (about $4,000 in value) was stolen sometime between 18 April and 16 May 1983; defendant was found in possession of some of the property on 16 May; he told the officers that the property belonged to him and moved it into a house; the next day he sold the TV to a Mr. Hamby; defendant testified that he had never seen the TV until 16 May when it was in the trunk of the car; the antenna wire on the TV had been cut when the officer saw it in the car; also in the car defendant was driving was a blue window fan, towels, linens, and other property; defendant and his girlfriend drove to Florida in the car immediately after the TV was sold on 17 May; when defendant was arrested in Florida on 30 May, the towels and linens were still in the car; a piece of broken fiberglass was found by the officers at the scene of the theft where the metal gate had been pushed open; this fiberglass matched a broken place in the fiberglass of the car defendant was driving when stopped by the officer.

The majority notes, and relies upon its perception, that the stolen articles are of the type "normally and frequently traded in lawful channels." While that may be true of the stolen property when the items are considered separately, such diverse property as found in defendant's possession is rarely, if ever, sold collectively. Under such circumstances, the inference engendered by the doctrine survives a longer time interval. *Blackmon*, 6 N.C. App. 66, 169 S.E. 2d 472. The time interval in *Blackmon* was twenty-seven days, only one day less than the maximum of

twenty-eight days under the evidence of this case, and when the evidence is viewed in the light most favorable to the state, as we must, the inference is that the time interval was even shorter. It is unlikely that the pushed-over metal gate on Mr. Dill's driveway could have existed for a long time unnoticed. The amount and diversity of the stolen property made it difficult for it to be assimilated into lawful trade channels. At least the towels and linens still remained in the possession of defendant *in the car* when he was arrested in Florida.

This appeal is very similar to *State v. Gove*, 289 A. 2d 679 (Me. 1972). In *Gove*, the victim closed her house for the winter on 29 November 1970, and a break-in was discovered on 27 January 1971. Defendant, when arrested in a car on 27 January, had possession of various items of the stolen property, including pieces of china and a radio. As here, defendant Gove was in someone else's car. The Maine court held that the passage of fifty-nine days was not sufficient to prevent the jury finding beyond a reasonable doubt that the property found in defendant's possession was recently stolen.

So in the case before us, the passage of twenty-eight days (at the most) is not sufficient to foreclose the jury finding that the property in defendant's possession was recently stolen. Furthermore, defendant's lame and contradictory attempt to explain his possession of the stolen property is severely damaged by defendant's lack of credibility arising from his four prior convictions of breaking or entering and larceny and a conviction for forgery.

I find that the doctrine of recent possession, the placing at the crime scene of the car defendant was driving, defendant's continued possession of some of the property in the car when he was arrested, defendant's flight to Florida immediately following his sale of the television, and defendant's contradictory attempt to explain his possession of the property are sufficient to repel defendant's motion for directed verdict.

I vote to find no error in defendant's trial.