STATE OF NORTH CAROLINA v. MARCUS LEE BROWN

No. COA11-1340

(Filed 19 June 2012)

**1. Burglary and Unlawful Breaking or Entering—first-degree burglary—felony larceny—motion to dismiss—sufficiency of evidence—nighttime—doctrine of recent possession—identity of perpetrator**

The trial court did not err by denying defendant's motion to dismiss the charges of first-degree burglary and felony larceny. Viewing the evidence in the light most favorable to the State, the

---

State presented sufficient evidence that the offense occurred in the nighttime. Based upon the doctrine of recent possession, the State presented sufficient evidence of defendant's identity as the perpetrator of both first-degree burglary and felony larceny.

**2. Burglary and Unlawful Breaking or Entering—felonious breaking and entering—failure to give jury instructions— doctrine of recent possession**

The trial court did not commit error or plain error by failing to instruct the jury to determine whether the State had proven the elements of the doctrine of recent possession beyond a reasonable doubt during consideration of the lesser-included charge of felonious breaking and entering. The trial court instructed the jury by describing how the elements of that offense differed from that of first-degree burglary. Further, defendant was convicted of first-degree burglary, an offense for which the full recent possession charge was given. Thus, defendant could not show prejudice.

Appeal by defendant from judgment entered 30 March 2011 by Judge Robert F. Johnson in Alamance County Superior Court. Heard in the Court of Appeals 8 March 2012.

*Attorney General Roy Cooper by Assistant Attorney General Tawanda N. Foster-Williams for the State.*

*Kimberly P. Hoppin for defendant-appellant.*

STEELMAN, Judge.

The trial court did not err in denying defendant's motion to dismiss the charges of first-degree burglary and felony larceny. The trial court did not commit error, much less plain error, in its jury instructions.

## I. Factual and Procedural Background

On 20 July 2010, Octavis White (White) and his wife went to bed in their home in Mebane after dark. After showering the next morning, White noticed that his wallet and money clip that he had left on his bedroom dresser were missing. He subsequently discovered that several laptop computers were missing.

Marcus Lee Brown (defendant) left his girlfriend's apartment in Durham after 10:00 p.m. on 20 July 2010. He returned about 6:00 a.m. the next morning, carrying several bags. One contained a laptop computer that his girlfriend turned on. The name "Octavis White" appeared

on the screen. The police were called. They discovered a number of items that had been stolen from the Whites.

Defendant was indicted for first-degree burglary and felony larceny. On 30 March 2011, defendant was found guilty of both charges. Defendant was sentenced as a Level III offender to consecutive active terms of imprisonment of 84-110 months for the first-degree burglary conviction and 10-12 months for the felony larceny conviction.

Defendant appeals.

## II. Motion to Dismiss

**[1]** In his first argument, defendant contends that the trial court erred in denying his motion to dismiss the charge of first-degree burglary because the State failed to produce evidence that the offense occurred at nighttime and that defendant was the perpetrator. Defendant also argues that the State failed to produce evidence that defendant was the perpetrator. of the larceny.

### A. Standard of Review

We review the trial court's denial of a motion to dismiss *de novo*. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). The trial court must determine whether there is substantial evidence of each essential element of the offense charged and that the defendant is the perpetrator of the offense. *Id.* "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Bates*, 313 N.C. 580, 581, 330 S.E.2d 200, 201 (1985).

"In considering a motion to dismiss, the trial court must analyze the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from the evidence." *State v. Robinson*, 355 N.C. 320, 336, 561 S.E.2d 245, 256 (2002). "The test of the sufficiency of the evidence on a motion to dismiss is the same whether the evidence is direct, circumstantial, or both. All evidence actually admitted, both competent and incompetent, which is favorable to the State must be considered." *State v. Bullard*, 312 N.C. 129, 160, 322 S.E.2d 370, 387-88 (1984) (internal citation omitted).

### B. Nighttime Requirement for First-Degree Burglary

"The elements of first-degree burglary are: (i) the breaking (ii) and entering (iii) in the nighttime (iv) into the dwelling house or sleeping apartment (v) of another (vi) which is actually occupied at the time of the offense (vii) with the intent to commit a felony

therein." *State v. Singletary*, 344 N.C. 95, 101, 472 S.E.2d 895, 899 (1996). *See also* N.C. Gen. Stat. § 14-51 (2011).

North Carolina has no statutory definition of nighttime. *State v. McKeithan*, 140 N.C. App. 422, 432, 537 S.E.2d 526, 533 (2000). "However, our courts adhere to the common law definition of nighttime as that time after sunset and before sunrise when it is so dark that a man's face cannot be identified except by artificial light or moonlight." *Id.* (internal quotation marks omitted).

White testified that it was dark when he went to bed on the night of 20 July 2010. Defendant requests that we take judicial notice that civil twilight began in Mebane, North Carolina on 21 July 2010 at 5:47 a.m. As our Supreme Court did in *State v. Garrison*, 294 N.C. 270, 280, 240 S.E.2d 377, 383 (1978), we take judicial notice that in Mebane, on 21 July 2010, civil twilight began at 5:47 a.m., as computed by the Astronomical Applications Department of the United States Naval Observatory in "Sun and Moon Data for One Day."

Defendant left his girlfriend's apartment in Durham after 10:00 p.m. on 20 July 2010. He returned about 6:00 a.m. the next morning, carrying several bags.

[Prosecutor]: Okay. And [defendant] left the house Tuesday night sometime after 10:00; is that correct?

[Defendant's Girlfriend]: Yes.

Q. Okay. And when did you see him next?

A. The next morning.

Q. That would be Wednesday morning?

A. Yeah.

Q. About what time?

A. About 6:00.

Q. Was it light outside or dark or what?

A. It was getting light.

White showered between 6:30 and 7:00 a.m. After showering, White noticed that his wallet and money clip that he had left on his bedroom dresser were missing. He subsequently discovered that several laptop computers were missing. White woke his wife to ask about his missing belongings about 7:30 a.m.

STATE v. BROWN

[221 N.C. App. 383 (2012)]

Defendant argues that this evidence was insufficient to establish that the break-in occurred during the nighttime.

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." N.C.R. Evid. 201(b) (2011). "Judicial notice may be taken at any stage of the proceeding." N.C.R. Evid. 201(f) (2011).

As we have taken judicial notice of the time of the commencement of civil twilight on 21 July 2010, we also take judicial notice of the driving distance between White's residence and defendant's girlfriend's apartment as being in excess of 27 miles.

In *State v. Saunders*, 245 N.C. 338, 342, 95 S.E.2d 876, 879 (1957), our Supreme Court held that it was appropriate for the trial court to take judicial notice of the distance in miles between cities in Virginia and North Carolina. "It is generally held that the courts will take judicial notice of the placing of the important towns within their jurisdiction . . ." *Id.* (quoting *Furniture Co. v. Express Co.*, 144 N.C. 639, 642, 57 S.E. 458, 459 (1907)).

> A much stronger case for taking such notice can be made out today when almost every town in the country is connected by a ribbon of concrete or asphalt over which a constant stream of traffic flows. . . . In fact, so complete and so general is the common knowledge of places and distances that the court may be presumed to know the distances between important cities and towns in this State and likewise in adjoining states.

*Saunders*, 245 N.C. at 343, 95 S.E.2d at 879. *See also Whitehurst v. Kerr*, 153 N.C. 76, 68 S.E. 913 (1910) (the Court can take judicial notice of the width of the Albemarle Sound as a physical fact). *See also* Am. Jur. 2d Evidence § 81 (2012) (an appellate court may take judicial notice of distances between towns).

In the event that defendant committed the break-in after 5:47 a.m., he would not have been able to steal the items from the White residence, place them in an automobile, and traverse the distance between Mebane and Durham by 6:00 a.m., even if he drove directly to his girlfriend's apartment.

Viewing the evidence in the light most favorable to the State, the State presented sufficient evidence that the offense occurred in the nighttime. The trial court properly denied defendant's motion to dis-

miss, but, out of an abundance of caution, submitted felonious breaking and entering as a lesser-included offense. The trial court properly left the determination of whether the offense occurred in the night-time to the jury.

### C. Identification of Defendant as Perpetrator of Crimes and Doctrine of Recent Possession

The doctrine of recent possession is "a rule of law that, upon an indictment for larceny, possession of recently stolen property raises a presumption of the possessor's guilt of the larceny of such property." *State v. Maines*, 301 N.C. 669, 673, 273 S.E.2d 289, 293 (1981). When "there is sufficient evidence that a building has been broken into and entered and thereby the property in question has been stolen, the possession of such stolen property recently after the larceny raises presumptions that the possessor is guilty of the larceny and also of the breaking and entering." *Maines*, 301 N.C. at 674, 273 S.E.2d at 293. "When the doctrine of recent possession applies in a particular case, it suffices to repel a motion for nonsuit and defendant's guilt or innocence becomes a jury question." *Id.*

"The possession must be so recent after the breaking or entering and larceny as to show that the possessor could not have reasonably come by it, except by stealing it himself or by his concurrence." *State v. Hamlet*, 316 N.C. 41, 43, 340 S.E.2d 418, 420 (1986). In *Hamlet*, "approximately thirty days" passed before the items were discovered in the defendant's possession. *Hamlet*, 316 N.C. at 45, 340 S.E.2d at 421.

Defendant argues that there was no testimony about when the items discovered in defendant's possession were last known to be secure. However, the evidence presented at trial was that the time period between when the items were missing and when defendant was discovered with the items was a matter of hours. Based upon the doctrine of recent possession, the State presented sufficient evidence of defendant's identity as the perpetrator of both first-degree burglary and felony larceny.

The trial court did not err in denying defendant's motion to dismiss.

### III. Challenge to Jury Instructions

[2] In his second argument, defendant contends that the trial court committed plain error in failing to instruct the jury to determine whether the State had proven the elements of the doctrine of recent possession beyond a reasonable doubt during consideration of the lesser-included charge of felonious breaking and entering. We disagree.

By failing to object to the jury instructions, defendant has not preserved the issue for appeal. We review this issue for plain error. *State v. Lawrence*, ___ N.C. ___, ___, ___ S.E.2d ___, ___, 2012 WL 1242316 (April 13, 2012).

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *"fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public repu-tation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

*State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (alter-ations in original) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982) (footnotes omitted)).

To show plain error, "a defendant must demonstrate that a funda-mental error occurred at trial. To show that an error was fundamen-tal, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." *Lawrence*, ___ N.C. at ___, ___ S.E.2d at ___ (internal citation and quotation marks omitted).

The defendant who fails to object to evidence at trial bears the burden of proving that the trial court committed plain error. *State v. Rourke*, 143 N.C. App. 672, 676, 548 S.E.2d 188, 190 (2001). "[T]he test for 'plain error' places a much heavier burden upon the defendant than that imposed by N.C.G.S. § 15A-1443 upon defendants who have preserved their rights by timely objection." *State v. Walker*, 316 N.C. 33, 39, 340 S.E.2d 80, 83 (1986).

The trial court instructed the jury on the crimes of first-degree burglary and felonious larceny. As to the charge of first-degree burglary, the trial court charged upon the lesser-included offense of felonious breaking and entering. The trial court gave a detailed instruction on the doctrine of recent possession as to the burglary and larceny charges. The trial court did not repeat the instruction on recent possession for the charge of felonious breaking and entering, but instructed the jury:

Now, felonious breaking or entering differs from burglary in that both a breaking and an entry are not necessary. Either is enough. Only that a building was involved. It need not have been a dwelling house. And the breaking or entry need not to have been in the nighttime.

Defendant asserts that it was plain error not to repeat the entire recent possession instruction during the charge for felonious breaking and entering. This argument is incorrect for several reasons. First, the trial court instructed the jury on felonious breaking and entering by describing how the elements of that offense differed from that of first-degree burglary. This was a proper manner of instruction. *See* N.C.P.I.—Crim. 214.10 (2008). By describing the differences in charges, and not discussing the doctrine of recent possession in the instruction for felonious breaking and entering, the trial court left the recent possession instruction intact and applicable to the lesser charge of felonious breaking and entering. Second, defendant was convicted of first-degree burglary, an offense for which the full recent possession charge was given. Defendant can show no prejudice from any alleged omission as to the felonious breaking and entering charge. *See* N.C. Gen. Stat. § 15A-1443(a) (2011).

Defendant cannot show error, much less plain error, in the jury instructions.

NO ERROR.

Judges ELMORE and STROUD concur