MURPHY, Judge.
*794 Gary William Cannon ("Defendant") appeals from his judgment for aiding and abetting larceny and attaining habitual felon status. On *795 appeal, he contends: (1) that the trial court erred in denying his motion to dismiss the charge of aiding and abetting larceny; and (2) that the trial court erred in sentencing Defendant as a habitual felon when the issue was not submitted to the jury as required by N.C.G.S. § 14-7.5 (2015). After careful review, we hold that the trial court did not err in denying Defendant's motion to *201 dismiss. However, we agree with Defendant that the trial court erred in sentencing Defendant as a habitual felon when the issue was not submitted to the jury. We affirm Defendant's conviction for aiding and abetting larceny, vacate the habitual felon enhancement, and remand for a new sentencing hearing.
I. Background
On 14 May 2015, Shawn Sanbower ("Sanbower"), a loss prevention officer at a Wal-Mart store in Denver, North Carolina, observed Amanda Eversole ("Eversole") remove several items of clothing from store shelves and attempt to leave the store without paying. Sanbower apprehended Eversole, and then reviewed surveillance tapes. He discovered that Eversole had been in the store with William Black ("Black"), who had taken a number of items from store shelves without paying. Law enforcement was contacted. Sanbower went out to the store parking lot and saw Black, along with several law enforcement officers. Black was in the rear passenger seat of a green SUV, which was filled with goods from the Wal-Mart with a total value of $1,177.49. At the vehicle, Sanbower also observed Defendant speaking with the officers.
Deputy Ken Davis ("Deputy Davis"), from the Lincoln County Sheriff's Office, was one of the officers present, having arrived in response to the store's call. Deputy Davis testified that he had approached Black's vehicle and found it was full of stolen goods. Defendant then approached the vehicle and asked Davis and other officers what they were doing. Deputy Davis asked Defendant how he knew Black, and Defendant replied that he had only just met "them," and that he was paid $50.00 to drive "him" to this Wal-Mart in Denver from Gastonia. Defendant further confirmed that he owned the vehicle.
On 9 November 2015, the Lincoln County Grand Jury indicted Defendant on the charges of felony larceny, conspiracy to commit felony larceny, and aiding and abetting larceny. Defendant was also indicted for attaining habitual felon status. This matter went to trial on 12 May 2016. At the close of the State's evidence, Defendant moved to dismiss all of the charges. This motion was denied. Defendant declined to put on evidence. During the jury charge conference, the trial court dismissed the felony larceny charge on its own motion.
*796 The jury found Defendant not guilty of conspiracy to commit larceny, but guilty of aiding and abetting larceny. The State then amended the habitual felon indictment without objection, and submitted sentencing worksheets by stipulation. Defendant "stipulated" to habitual felon status. The trial court sentenced Defendant to an active minimum sentence of 80 months to a maximum of 108 months imprisonment. The trial court waived court costs, and awarded attorney's fees as a civil judgment.
Defendant appeals.
II. Motion to Dismiss
Defendant contends that the trial court erred in denying his motion to dismiss the charge of aiding and abetting larceny. We disagree.
A. Standard of Review
"This Court reviews the trial court's denial of a motion to dismiss de novo." State v. Smith , 186 N.C.App. 57, 62, 650 S.E.2d 29, 33 (2007) (emphasis omitted). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." State v. Fritsch , 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (quotation omitted).
The State is entitled to every reasonable inference that may be made from the evidence presented at trial. State v. Bullard , 312 N.C. 129, 160, 322 S.E.2d 370, 387-88 (1984). "The trial court does not weigh the evidence, consider evidence unfavorable to the State, or determine any witnesses' credibility.... Ultimately, the court must decide whether a reasonable inference of defendant's guilt may be drawn from the circumstances." State v. Blizzard , 169 N.C.App. 285, 289-90, 610 S.E.2d 245, 249 (2005).
*202 B. Analysis
Defendant contends that the trial court erred in denying his motion to dismiss the charge of aiding and abetting larceny, on the grounds that the State failed to present sufficient evidence of all of the essential elements of the charge. We disagree.
"The essential elements of aiding and abetting are as follows: (1) the defendant was present at the scene of the crime; (2) the defendant intended to aid the perpetrator in the crime; and (3) the defendant communicated his intent to aid to the perpetrator." State v. Capps , 77 N.C.App. 400, 402, 335 S.E.2d 189, 190 (1985) (citation omitted).
*797 Defendant's vehicle was parked on the far side of the parking lot, far from the store or any other cars, which would make an escape easy. Further, in addition to the goods stolen from the Wal-Mart, officers found a large quantity of Atkins drinks and cosmetics in Defendant's vehicle, which Sanbower contended were a greater quantity than one person would use. As the Dissent notes, this evidence standing alone would not withstand a motion to dismiss. However, we consider this evidence in light of Defendant's statements to law enforcement.
The State is entitled to every reasonable inference that may be made from the evidence presented at trial, Bullard , 312 N.C. at 160, 322 S.E.2d at 387-88, and we consider the reasonable inferences that may be drawn from Defendant's statement that he had just met the principals and the absurdity that a person would travel from Gastonia to Denver solely to shop at Wal-Mart for an otherwise valid purpose.
The evidence shows that Defendant claims to have been paid $50.00 to travel from Gastonia to the Wal-Mart in Denver. There is nothing in the record that suggests a need for the principals to travel to this specific Wal-Mart over any of the other Wal-Marts in Gastonia or along the myriad of routes from Gastonia to Denver. While not explicitly requested to do so by the State, we take judicial notice of the geographic distance and commercial nature of the routes between Gastonia and Denver in considering the circumstances present in this case. "Judicial notice may be taken at any stage of the proceeding." N.C.G.S. § 8C-1, Rule 201(f) (2015). Our Supreme Court has held it is appropriate to take judicial notice of the placing of towns. State v. Saunders , 245 N.C. 338, 342-43, 95 S.E.2d 876, 879 (1957) ; see State v. Brown , 221 N.C.App. 383, 387, 732 S.E.2d 584, 587-88 (2012) (taking judicial notice of the driving distance between Mebane and Durham in reviewing the sufficiency of evidence on appeal).
There is a strong case for taking such judicial notice "when almost every town in the country is connected by a ribbon of concrete or asphalt over which a constant stream of traffic flows." Saunders , 245 N.C. at 343, 95 S.E.2d at 879. "[S]o complete and so general is the common knowledge of places and distances that the court may be presumed to know the distances between important cities and towns in this State[.]" Id . at 343, 95 S.E.2d at 879.
We take judicial notice of the distance from Gastonia to Denver because the impracticality of traveling this distance and through areas with other Wal-Mart stores creates a reasonable inference of an improper purpose that, along with other incriminating aspects of the evidence, *798 demonstrates the intent of Defendant to aid and abet larceny. Such considerations that are not pronounced in the record are exactly why we give great deference to trial judges and local juries in making ultimate findings of fact, and they are proper for us to consider by judicial notice in a de novo review of the cold record.
Trial courts and jurors are free to consider the geographic distance between cities, the modes of travel between cities, the commercial aspects of their local area, and the ubiquitous nature of Wal-Mart stores. See Saunders , 245 N.C. at 342, 95 S.E.2d at 879 ; State v. S. Ry. Co. , 141 N.C. 846, 851, 54 S.E. 294, 296 (1906) ; Brown , 221 N.C.App. at 387, 732 S.E.2d at 587-88 ; Hinkle v. Hartsell , 131 N.C.App. 833, 836, 509 S.E.2d 455, 457-58 (1998) (providing a laundry list of situations where judicial notice is appropriate). The trial court here likely did consider these things due to the obvious and reasonable inference of guilt that the trial court was free to draw.
*203 Given the location of the vehicle in the parking lot, the items found in the vehicle, and the reasonable inference that can be made based on the geographic distance and commercial nature of the routes between Gastonia and Denver, the State met its low burden at the motion to dismiss stage.
We hold that the State presented evidence of every element of the offense of aiding and abetting larceny, and that the trial court therefore did not err in denying Defendant's motion to dismiss.
III. Habitual Felon
Defendant argues, and the State concedes, that the trial court should not have sentenced Defendant as a habitual felon when the issue was not submitted to the jury and the trial court did not accept a formal plea from Defendant.
Under Section 14-7.5 of the North Carolina General Statutes, whether a defendant is a habitual felon is submitted to the jury, or, in the alternative, the defendant may enter a guilty plea to the charge of being a habitual felon. State v. Gilmore , 142 N.C.App. 465, 471, 542 S.E.2d 694, 698-99 (2001). Therefore, since Defendant only stipulated to habitual felon status, the conviction must be vacated and remanded for resentencing.
IV. Conclusion
For the reasons stated above, we affirm Defendant's conviction for aiding and abetting larceny, and vacate the habitual felon enhancement and remand for a new sentencing hearing.
*799 AFFIRMED IN PART; VACATED IN PART; REMANDED FOR A NEW SENTENCING HEARING.
Judge DIETZ concurs by separate opinion.
Judge CALABRIA dissents by separate opinion.